LAWRENCE F. REIGER and JAMES P. FITZPATRICK, Respondents, v. WILLIAM F. BIGGER, Appellant.

Kansas City Court of Appeals, February 20, 1888.

1. CONTRACT — BROKER'S COMMISSION — WHAT PERFORMANCE RE-QUIRED — WHAT CONSTITUTES ACCEPTANCE. — When a broker is employed by one to sell his land for a certain sum, the broker must perform his contract in order to be entitled to his commission. The broker may enter into a contract with reference to the land, and his employer may accept and approve the contract without thereby accepting it as a performance by the broker of his contract. He may accept such contract as a complete performance by the broker of his obligation, but there must be some evidence of such acceptance. The mere approval of the contract by the broker, where it is substantially different from that he was employed to make, cannot, of itself, be held to be an acceptance of performance of the broker's obligation. (*Leete v. Norton*, 43 Conn. 219, *disapproved and distinguished*).

2. ―――― EQUIVALENT OF PERFORMANCE. — The fact that the principal fixed upon a certain sum as an equivalent for the performance of a contract of sale, does not thereby bind him to accept the contract as performance by the broker of his contract, which was to sell. The broker having contracted to make a sale, his principal had the right to hold him to his contract.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Reversed.*

Statement of case by the court.

This was a suit by attachment instituted on a contract by which the defendant agreed to pay the plaintiffs a commission of two and one-half per cent. if they sold, or found a purchaser of, his land at twenty thousand dollars. The plaintiffs, as agents for the defendant, and in pursuance of their employment, entered into the following contract:

"Articles of agreement entered into by and between W. F. Bigger, of Londonderry, Ireland, of the first

part, and James R. McClure, James H. Austin, and Kenneth H. Clarke, of the county of Davis, state of Kansas, parties of the second part.

"Witnesseth: That the said Wm. F. Bigger, for, and in consideration of, the sum of twenty thousand dollars to be paid to him as hereinafter mentioned, has sold, and hereby agrees to convey, to the said McClure, Austin, and Clarke, lots from 44 to 68, inclusive, in Oakley, being the east one-half ($\frac{1}{2}$) of the northeast one-fourth ($\frac{1}{4}$) of section 35, township number 50, range number thirty-three (33), county of Jackson, state of Missouri. In consideration of which the said McClure, Austin, and Clarke agree to pay to said Bigger, on the execution of this agreement, five hundred dollars ($500), and sixty-one hundred and sixty-six and $\frac{66}{100}$ dollars ($6,166.66), on the execution and delivery of a good and sufficient warranty deed for said property, free from all incumbrances whatever; and the balance of the purchase price, thirteen thousand three hundred and thirty-three and $\frac{34}{100}$ dollars ($13,333.34), to be paid in two equal annual payments in one and two years, with eight per cent. (8 per cent.) interest per annum, secured by deed of trust on said real estate. The said McClure, Austin, and Clarke shall have the privilege of paying the nineteen thousand and five hundred dollars ($19,500) in cash, if they desire, upon the delivery of said warranty deed. If the title to said land proves to be defective, the above five hundred dollars will be refunded to said McClure, Austin, and Clarke, otherwise the five hundred dollars will be forfeited, and this agreement shall be null and void. And it is further agreed that, in failure to take deed by said McClure, Austin, and Clarke, they shall forfeit the five hundred dollars and no more; and the said Bigger agrees to furnish a complete abstract of title to be approved of Pratt, Brumback & Ferry. Witness our hands and seals, this twentieth day of May, 1882.

"The parties of the second. part to have all rents from delivery of deed, and on lease to parties who are

now in possession. Said lease expires December 31, 1887.

"W. F. BIGGER,
"By REIGER & FITZPATRICK, his agents.
"JAMES McCLURE,
"JAMES H. AUSTIN,
"KENNETH H. CLARKE,
"By C. W. WHITEHEAD, their agent."

The case was tried by the court without the intervention of a jury. The court made a finding of facts; and declared the law thereon as follows:

"The court finds the facts to be that defendant, Bigger, authorized and requested plaintiffs to procure a purchaser for the land named in the petition, at the price mentioned; that plaintiffs did procure said McClure, Austin, and Clarke as purchasers, and with them plaintiffs, acting for and on behalf of defendant, entered into the written contract dated May 26, 1882, read in evidence; that defendant, shortly thereafter, received the five hundred dollars from plaintiffs paid on said contract, and then saw said writing and approved the same in all its terms, and thereby ratified and confirmed said writing as his own; that defendant was thereafter ready and willing to carry out said contract on his part, but the same was not done by reason of the failure and fault of the purchasers, and through no fault of defendant. Said purchasers were all the time entirely solvent and fully able to complete said purchase had they chosen so to do, or fully able to respond in damages for the breach of said contract. The commission agreed upon for plaintiffs' services was two and one-half per cent. The defendant, Bigger, has retained said five hundred dollars. On these facts the court declares the law to be that plaintiffs are entitled to recover."

W. J. WARD, for the appellant.

I. The contract offered in evidence in this case between Bigger and McClure *et al.*, is an optional or

unilateral contract. *Fue v. Houghton*, 6 Col. 324; *Kimberly v. Henderson*, 29 Md. 512; *Bradford v. Limpus*, 10 Ia. 35; *Morse v. Rathburn*, 42 Mo. 594.

II.   This being an optional contract the most the plaintiff could possibly lay claim to for making the contract between Bigger and McClure *et al.*, was two and one-half per cent. on the five hundred dollars. *Kimberly v. Henderson*, 29 Md. 512; *Pierce v. Powell*, 57 Ill. 323. *Love v. Miller*, 53 Ind. 298, endorses the Maryland case as to the amount of commission on an optional contract, while rendering judgment for the claimants in that case because they made a valid contract.

III.   Plaintiffs' fourth instruction should have been given because no man can be called upon by a real-estate agent to sue upon a questionable contract that the agent has made, and to make himself liable for costs and expenses in testing its validity for the purpose of settling the agent's right to commission.

IV.   Plaintiff's suit is brought on the ground that Bigger was in default; they, therefore, cannot recover on the ground that Bigger was not in default, but that the contract was binding on all parties, and that Bigger was liable to them as soon as the contract was made. Having sued on one cause of action, they cannot recover on an entirely different one. *Lumpkin v. Collier*, 69 Mo. 170; *Scoville v. Glassner*, 79 Mo. 449; *Waldhier v. Railroad*, 71 Mo. 517; *Current v. Railroad*, 86 Mo. 62.

V.   The contract offered in evidence between Bigger and McClure *et al.*, provided for five hundred dollars as liquidated damages, if McClure *et al.* failed or refused to carry it out, and that was all the remedy that Bigger had upon it. *Morse v. Rathburn*, 42 Mo. 594.

JEFFERSON BRUMBACK, for the respondents.
I.   The respondents had earned, and were entitled to their commissions when the written contract of May 26, 1882, was made. Their right to commissions was not

conditioned on the payment of the price by the purchasers, nor on the conveyance of the land by the seller. *Rice v. May*, 107 Mass. 550 ; *Koch v. Emerling*, 22 How. 69 ; *Collins v. Fowler*, 8 Mo. App. 588 ; *Bailey v. Chapman*, 41 Mo. 536 ; *Tureman v. Stephens*, 83 Mo. 218 ; *Nesbitt v. Helzer*, 49 Mo. 383.

II. Bigger kept the five hundred dollars, and got the fruits of the contract, and claims that his agents were entitled to nothing because it was an option.

III. The contract of sale is not an option. *Story v. Solomen*, 71 N. Y. 420 ; Bouvier's Law Dictionary, Option ; *Icley v. Grew*, 6 Nev. and Man. 467 ; *Martin v. Taylor*, 1 Wash. C. C. R. 1 ; *Pennybach v. Jones*, 160 Pa. St. 237 ; *Howard v. Hopkins*, 2 Atk. 971. An option is the right for a consideration to decide at a future time to buy or sell some property, the court saying, among other things, "One may pay for an option to take at a future day, at a certain price, a farm or any article of personal property." "Option : choice ; election." Bouvier's Law Dic. In this case the purchasers expressly promise to pay the whole twenty thousand dollars, the price, if the title was satisfactory. They could be sued on that promise notwithstanding the stipulation about the forfeiture of the five hundred dollars.

IV. The only option in the contract was one for Bigger, by which he could enforce it and get the twenty thousand dollars, or keep the five hundred dollars paid and the land for default on part of the purchasers. Fry on Spec. Perform., sec. 701, p. 408 ; *Roberts v. Wyatt*, 2 Taunt. 268 ; *Doed' Nash v. Birch*, 1 M. & W. 402 ; *Hyde v. Watts*, 12 M. & W. 254 ; *Canfield v. Westcott*, 5 Cowen, 270 ; *Mancius v. Sargent*, 5 Cowen, 271 ; *Church v. Ayers*, 5 Cowen, 272 ; *McKay v. Carrington*, 1 McLean, 50 ; 2 Parsons on Cont. [5 Ed.] 677, note *r ;* 1 Hilliard on Vendors, p. 301, sec. 23.

V. Bigger kept the five hundred dollars as a substitute for performance on the part of the purchasers, but this does not affect the right of respondents to com-

mission. *Leete v. Norton*, 43 Conn. 219; *Love v. Miller*, 53 Ind. 294.

VI. If, however, Bigger could not specifically enforce the contract, or recover the purchase money or damages for breach thereof, the plaintiffs are still entitled to recover. *Leete v. Norton*, 43 Conn. 219, is exactly in point. There was a written contract and five hundred dollars was agreed on as liquidated damages for default on the part of the purchaser. The purchaser defaulted, and the real-estate agents recovered their commissions against the seller. The court, among other things, say: "Now, though the plaintiff has not effected a sale or an exchange of the defendant's property, yet he has negotiated a contract for such exchange, agreed to by the defendant, in which contract a sum of money is specified which the defendant agrees to accept and in consideration of which to relieve Clinton from his obligation to make the exchange of properties, having thus fixed on the sum of five hundred dollars as an equivalent for the performance of this contract to exchange his property, as between himself and his co-contractor, the defendant cannot be allowed to deny that that sum of money is an equivalent as between himself and the plaintiff, by whose aid he made the contract." *Love v. Miller*, 53 Ind. 294.

VII. The plaintiffs proved a case within the petition. The appellant relies on matter outside the pleadings. The case stated and proved was for recovery of damages because Bigger refused to pay the agreed commission for service of respondents in finding purchasers of the land and negotiating a valid contract of sale. The written contract was competent evidence and went in without objection. Bigger then took the ground, outside his answer, that the purchasers were not bound, and that he elected, as by the contract he had the right to do, to retain the five hundred dollars paid on the contract in lieu of enforcing and collecting the twenty thousand dollars and keep the land and sell at an advance to another party, and, therefore, respondents

should have nothing for their services.    The law is against him on all the points.

HALL, J.—The plaintiffs, to be entitled to their commission under their contract of employment, had to find one ready, able, and willing to purchase the defendant's real estate at the sum of twenty thousand dollars. The contract in evidence was prepared, and executed on the part of the defendant in his absence, by the plaintiffs as his agents, under the finding of facts made by the court. The question, therefore, is, was such contract binding upon the other parties thereto, requiring them to complete the purchase at the price of twenty thousand dollars, or in default thereof to respond in damages at large? This question must be answered in the negative. The provision contained in the contract in these words: "And it is further agreed that in failure to take deed by said McClure, Austin, and Clarke they shall forfeit the five hundred dollars and no more," was clearly inserted for the benefit of the parties named, and gave them an option to relieve themselves of any obligation to complete the purchase.  *Kimberly v. Henderson*, 29 Md. 515.

When a broker is employed by one to sell his land for a certain sum, the broker must perform his contract in order to be entitled to his commission. In this case the plaintiffs have no right to recover unless the defendant accepted the contract in evidence as performance by plaintiffs of their contract to effect a sale of his land for the sum of twenty thousand dollars.

The broker may enter into a contract with reference to the land, and his employer may accept and approve the contract without thereby accepting it as a performance by the broker of his contract. Thus, the broker employed to procure a sale of the land for twenty thousand dollars, may obtain a purchaser at the price of ten thousand dollars, and the owner of the land may sell for the latter sum, and yet by so doing he would not accept the sale as a performance by the broker of his

contract requiring a sale for twenty thousand dollars. And so, where the broker is employed to make an absolute and unconditional sale at a fixed sum, a conditional sale made by the broker such as to relieve the purchaser of the obligation to complete the sale on the payment of a portion of the purchase price, although approved by the owner of the land, would not be an acceptance by the latter as a performance by the broker of his undertaking to make an absolute and unconditional sale. Of course, in both of said instances, and in all such cases the owner of the land might accept such contract made by the broker as a complete performance by him of his obligation under his contract, but there must be some evidence of such acceptance; the mere approval of the contract made by the broker, where it is substantially different from the contract which he was employed to make, cannot, of itself, be held to be an acceptance by the owner as performance of the broker's obligation. The counsel for plaintiffs makes the point that the defendant, by approving the contract in evidence, agreed to accept the sum of five hundred dollars as an equivalent for the completion of the purchase of the land by the other parties to the contract in accordance with its terms, and, hence, also accepted the contract as a performance by plaintiffs of their obligation under their contract with defendant. The case of *Leete v. Norton*, 43 Conn. 219, is cited in support of this point. The facts in that case are correctly stated in the *syllabus* of the report of it, thus: "The plaintiff, a real-estate broker, having in his hands certain property of the defendant for sale or exchange, arranged for an exchange with C., and a contract was executed by C. and the defendant by which each was to take immediate possession of the other's property, and on or before a day fixed was to convey his property to the other by warranty deed; and if either should fail to perform he was to pay the other five hundred dollars as liquidated damages. C. failed to perform, without fault on the part of the defendant." It was held that plaintiff was en-

titled to his commission. After stating the contract effected by the broker the court said : "Now, had the contract been consummated, had Clinton given the defendant a conveyance of his property, and received from the defendant a deed of his in exchange, according to the agreement, it cannot be doubted that the plaintiff would have been entitled to the commissions now demanded. And for the conclusive reason that he would have done just that, and all that, which the defendant employed him to do ; just and all that which he undertook to do. The defendant would have obtained a property more valuable, in his estimation, than the one with which he had parted ; so much more valuable that he preferred paying the plaintiff the compensation demanded for negotiating the contract which enabled him to obtain it. In looking a little further into this agreement, we find that, for the sum of five hundred dollars, the defendant was willing, and for that sum he agreed, to discharge Clinton from his obligation to perform this contract. These are the words : ' It is further mutually agreed by said parties that if either of them shall neglect or refuse to perform the promises and agreements binding upon him as hereinbefore mentioned, he shall pay to the other on demand the sum of five hundred dollars as liquidated damages.' Now, though the plaintiff has not effected a sale or an exchange of the defendant's property, yet he has negotiated a contract for such exchange, agreed to by the defendant, in which contract a sum of money is specified which the defendant agrees to accept, and in consideration of which, to relieve Clinton from his obligation to make the exchange of properties. Having thus fixed on the sum of five hundred dollars as an equivalent for the performance of this contract to exchange his property, as between himself and his co-contractor, the defendant cannot be allowed to deny that that sum of money is an equivalent, as between himself and the plaintiff, by whose aid he made the contract."

I think that the decision of that case was wrong.

The broker was employed to make an absolute and
unconditional sale or exchange of the property; the
contract of exchange as made was conditional, so as
to relieve the other party to the contract from com-
pleting the exchange on the payment of five hundred
dollars. There was no evidence that the broker's prin-
cipal accepted the contract which was made as perform-
ance by the broker of his obligation under his contract.
It is true that the principal accepted and approved the
conditional contract by which he agreed to receive five
hundred dollars and relieve the other party to the
contract of the obligation to make the exchange, and so
he may be said to have fixed on that sum as an equiva-
lent, as between himself and such party, for the per-
formance by the latter of his contract to make the
exchange. But how can such fact be held to constitute
an acceptance by the principal of the contract made as
performance by the broker of his contract? The contract
made was not the contract which the broker was em-
ployed to make. Can the mere fact that the principal
approved a substantially different contract negotiated by
the broker be deemed an acceptance of such contract,
*instead of the one* which the broker contracted to
negotiate? The argument, that the principal, having
fixed upon the sum of five hundred dollars as an equiva-
lent for the performance of the contract of exchange,
thereby accepted the contract as performance by the
broker of his contract, which required him to effect such
exchange, is plausible but not sound. Although the
principal, by the terms of the contract, agreed to re-
ceive such sum as an equivalent for the exchange, there
was nothing to indicate that he considered such sum as
an equivalent in fact for the exchange. The principal
may have approved the contract for various reasons,
other than the opinion that the sum mentioned was an
equivalent to him for the exchange, such, for instance,
as the inability of his broker to procure any other
contract, or the belief that the sum, although not a
full equivalent to him for the exchange, was sufficient to

induce the other party to complete the exchange. But even if he did consider and accept such sum as such equivalent, as between himself and the other party to the contract, what was there to indicate that he accepted said sum as such equivalent as between himself and the broker. The broker having contracted to make an absolute and unconditional sale or exchange, his principal had the right to hold him to the contract. The principal may, in fact, have considered the contract negotiated by his broker as an equivalent in its benefits to him for the contract which the broker was to negotiate, and yet the principal did not have to accept or approve the contract ; and he could have approved and accepted the contract without accepting it as full performance by the broker of his contract. What was there to indicate that the principal accepted the contract as performance by the broker? Nothing whatever. I think that to say : ·'Having fixed on the sum of five hundred dollars as an equivalent for the performance of this contract to exchange his property, as between himself and co-contractor, the defendant cannot be allowed to deny that that sum of money is an equivalent, as between himself and the plaintiff, by whose aid he made the contract,'' is, for the reasons given hereinbefore, the statement of a *non sequitur*. There is no force in the suggestion that the contract was made by the broker's aid. In that case, as in this case, the broker did not sue for the value of services in negotiating the contract actually made, but sued for the commission originally agreed upon on the theory that the contract made through his aid was a full performance by him of his agreement.

There is a possible distinction between that case and the present case. In that case the five hundred dollars formed no part of the consideration to be paid for the defendant's property, whereas, in the present case, such sum did form a part of such consideration. But, whether such difference amounts to a distinction or not, it is clear that in this case the defendant did not accept the contract in evidence as performance by the plaintiffs of

their contract. The commission agreed upon for the performance by plaintiffs of their contract was five hundred dollars. It is inconceivable that the defendant accepted the contract negotiated by plaintiffs as performance by them of their undertaking, when that contract by its terms secured to the defendant only the sum of five hundred dollars. If the defendant did so, the forfeiture was intended to benefit the broker only, and in no sense can it be deemed an equivalent to the defendant for the performance of the contract. The contract negotiated by the plaintiffs was not such a contract as they were required to procure, and the defendant did not accept it as such. The defendant should have had judgment in the circuit court.

For that reason, the judgment is merely reversed. All concur.