Leahy v. Hair.

# EMMA A. LEAHY
## v.
# JOHN V. HAIR.

*Agency—Sale of Real Estate—Commissions—Recovery—Title—Evidence of Attorney as to—Verdict.*

1.    Whether a title to real estate is good or not, is a question of law, and an attorney who is a witness is not to state what his opinion is on such question, but must give the facts as to the title if he knows them, only, and it is for the court to state to the jury whether the title is good if the facts are found as claimed.

2. To recover commissions on the sale of a piece of real estate, the burden of proof is upon the agent to show that the purchaser furnished by him was ready, willing and able to complete the purchase on the terms proposed.

[Opinion filed September 11, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. ADAMS & HAMILTON, for appellant.

The verdict was against the evidence.

To earn his commissions, the broker must furnish a purchaser who is ready, willing and able to complete the purchase on the terms proposed. Sievers v. Griffin, 14 Ill. App. 63. Such a purchaser was not furnished. The defendant did not accept S. J. Leahy as a purchaser or make a valid contract with him. The payment of money does not, in itself, show an acceptance of the purchaser. Heinrich v. Korn, 4 Daly, 75. Nor does the sale to him of an option. Pierce v. Powell, 56 Ill. 323; Kimberly v. Henderson, 29 Md. 521. Giving a deed to the grantee named in it for inspection, and on his promise to return it, is not a delivery and will not pass title. Gilbert v. North Am. F. I. Co., 23 Wend. 43; Braman v. Brigham, 26 N. Y. 483 (491-2); 3 Washburn Real Est., 300.

The special findings were against the evidence. Improper evidence was admitted.

An attorney's opinion is not competent to prove a defect in the title to land. Conversation with a third party is not competent, unless the one against whom the evidence works is present. An offer of compromise may not be given in evidence against the one who makes it. Paulin v. Howser, 63 Ill. 312; Rockafellow v. Newcomb, 57 Ill. 186. A non-suit should be granted when plaintiff fails to make a case.

Mr. B. W. ELLIS, for appellee.

MORAN, J. Appellee recovered a judgment in the Circuit Court against appellant for $625 for commissions in the sale

of certain real estate.    The evidence tended to show that appellant, by Isaac E. Adams, her agent, left the property with appellee for sale at the price of $25,000.

Appellee brought one Michael J. Corboy to Adams and a contract was made for the purchase of the property by him at the price asked, signed by Adams as the agent of appellant, and Corboy paid $500 on the contract.

Corboy's attorney objected to the title and some negotiation was had between Adams and appellee, the result of which was that Corboy got his $500 back and stepped out of the transaction, and appellee negotiated a sale to one Stephen J. Leahy of the said property for the same price which Corboy had agreed to pay.    There is an issue of fact between the parties relative to this substitution of Leahy as the purchaser; appellee claimed that the substitution was made at the suggestion of Adams because Adams did not want to go to the trouble of obviating the objections which Corboy's attorney made to the title, and Adams contending that appellee expected to sell Corboy another piece of property, and desired Leahy to be substituted as the purchaser of appellant's property so as to make two commissions.

As the jury found in answer to one of the special questions put to them that the negotiations for the sale of this property to Corboy were abandoned with the consent of appellee, this particular dispute is eliminated from our present consideration, and the question arising on the present record is whether the verdict for commissions for a sale of the property to Leahy can be sustained upon the evidence as therein set forth.

The terms on which Leahy was to take the property were the payment by him of $5,000 in cash, and the deferred payments to be secured by trust deed on the property.    Leahy made a deposit of $1,000 with Adams, but the evidence is clear and uncontradicted that he never paid or offered to pay the balance of the $5,000 cash payment, and it is shown that he, shortly after agreeing to take the property, failed in business and applied to Adams for the return of the $1,000 deposited, stating that he was unable to carry out the trade.    The

burden was on appellee to show that the purchaser furnished by him was ready, willing and able to complete the purchase on the terms proposed, and so the court instructed the jury; but notwithstanding the verdict of the jury, an examination of the evidence satisfies us that not only did appellee fail to show by a preponderance of the evidence that Leahy was able to carry out the trade but the preponderance of the evidence is clearly the other way. In fact the proof that he could not, and did not, complete the purchase, is substantially uncontradicted.

It necessarily follows that this verdict can not stand. As the case will have to be re-tried and the claim on the part of appellee that he furnished in Corboy a purchaser willing and able to take the property on the proposed terms, if the title had proven good, will be then open to re-investigation, with the other questions in the case, we will pass on a point made by appellant with reference to the admissibility of certain evidence relating to that branch of the case. The attorney who examined the title for Corboy was allowed to state on the stand that the title was not good; that appellant's title failed. Whether a title is good or not is a question of law. An attorney who is a witness is not to state what his opinion is on such question of law, but may state the fact as to the title, if he knows what the facts are, and it is for the court to state to the jury whether the title is good if the facts are found as claimed. See Parmly v. Head, 33 Ill. App. 134; Mead v. Altgeld, 33 Ill. App. 373. The judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*