JOHN L. ZEIDLER *et al.*, Appellants, v. JAMES W. WALKER, Respondent.

### Kansas City Court of Appeals, April 14, 1890.

*Rehearing denied, May 12, 1890.*

1. **Principal and Agent**: CONTRACT TO FIND PURCHASER: COMMISSIONS. An agent to sell real estate will not be allowed his commissions until he produces a buyer who shall be ready, willing and financially able to make the purchase absolutely on the terms fixed by his principal, and securing a party who makes certain payments, on condition that they shall be forfeited to the principal if said party fails to complete the purchase, does not amount to a sale, but is a mere option, and does not entitle the agent to recover his commissions.

2. ———: ———. Plaintiff in this case must fail because he offered no evidence of the financial ability of the secured purchaser to make the purchase.

*Appeal from the Buchanan Circuit Court.*—HON. OLIVER M. SPENCER, Judge.

AFFIRMED.

*Stephen S. Brown,* for appellants.

(1) *First.* The contract in evidence constituted an absolute sale, so that the defendant could have

recovered from Holloway any installment of the purchase price named in it, notwithstanding the clause about liquidated damages. *Ayers v. Pease*, 12 Wend. 393; *Cartwright v. Gardner*, 5 Cush. 273; *Dooley v. Watson*, 1 Gray, 414; *Graham v. Bickham*, 4 Dallas, 149. *Second.* In all cases where a party relies on the payment of liquidated damages as a discharge, it must clearly appear from the contract that they were to be paid and received absolutely in lieu of performance. *Gray v. Crosby*, 18 Johns. 219, 225. ( 2 ) The plaintiffs having found and produced a purchaser ready and willing to enter into a contract to take the property, and the defendant having accepted such purchaser, and made a valid contract in writing with him for the sale of the property, the performance of their contract by plaintiffs, and the acceptance of that performance by defendant, was complete, and plaintiffs were entitled to their commission. *Love v. Owens*, 31 Mo. App. 501; *Lute v. Norton*, 43 Conn. 219; *Potvin v. Curran*, 13 Neb. 302; *Knapp v. Wallace*, 41 N. Y. 477; *Rice v. Mayo*, 107 Mass. 550; *Little v. Rees*, 26 N. W. Rep. 7; *Koch v. Emmerling*, 22 How. ( U. S.) 69; *Wood v. Stephens*, 46 Mo. 555; *Nesbit v. Helser*, 49 Mo. 383; *Tyler v. Parr*, 52 Mo. 249; *Timberman v. Craddock*, 70 Mo. 639.

*H. K. White* and *Thos. J. Porter*, for respondent.

(1) A real-estate broker does not earn his commission under a contract to sell the real estate of his principal until he produces a purchaser, ready, able and willing to buy, unconditionally, for the price demanded; and the burden of proof is on the broker to show not only that he produced a purchaser who offered to buy on the terms agreed upon, but that he produced one who was both ready and able to purchase on such terms. *Hayden v. Grillo*, 26 Mo. App. 289, 293-4; *McGavock v. Woodlief*, 20 How. ( U. S.) 225-227; *Coleman v. Mead*,

13 Bush. 358–363 ; *Kimberly v. Henderson*, 29 Md. 512–515; *Kenner v. Harrod*, 2 Md. 63 ; *Iselin v. Griffith*, 62 Iowa, 668–670 ; *Beninger v. Iron Co.*, 41 Mich. 305 ; *Ingals v. Eaton*, 25 Mich. 32. ' ( 2 ) The undertaking of a real-estate broker to sell the real estate of his principal is not performed by producing one who is willing only to enter into a conditional or optional contract for the purchase. *Kimberly v. Henderson*, 29 Md. 515 ; *Reiger v. Bigger*, 29 Mo. App. 421.

GILL, J.—Plaintiffs, composing a firm of real-estate agents at St. Joseph, Missouri, sued defendant for commissions, which it is alleged said defendant agreed to pay plaintiffs for securing a purchaser for a tract of land, at or near the city of St. Joseph, the price of the land being fixed at fifty thousand dollars. After some effort, plaintiffs induced one James M. Holloway of Kansas to come to St. Joseph, to examine the property, and there said Holloway was by the plaintiffs introduced to defendant Walker. After a few days negotiations Holloway and Walker entered into a written contract, to the effect that said Holloway was to take the real estate at fifty thousand dollars, paying five hundred dollars' cash on March 9, 1887, the date of signing the contract, and agreeing to pay one thousand dollars on March 15, and eleven thousand dollars on March 25, 1887 ; and then, after said payments of five hundred, one thousand and eleven thousand dollars were made, the agreement was that defendant should deed the land to Holloway, who was to execute four notes for the balance of purchase price, said notes due respectively in six, twelve, eighteen and twenty-four months, and secured by a deed of trust on the said real estate. The contract further provided "that in case the said party of the second part shall fail to make either of the said payments of one thousand or eleven thousand dollars aforesaid on the days on which they respectively fall due, time being the essence of this

contract, all previous payments shall be forfeited to said party of the first part as agreed and liquidated. damages." Holloway complied with this contract in so far only as to pay the five hundred dollars at the signing thereof, and the payment of the one thousand dollars on March 15 ; but thereafter failed and refused to comply with the terms thereof—refused to complete the purchase, and defendant held the fifteen hundred dollars so paid as a forfeiture or as liquidated damages for such non-performance. Plaintiffs demanded payment for commissions, which they claimed for having secured a purchaser for the property ; and upon being refused by defendant, this suit was brought ; and upon a trial before the court judgment was rendered for defendant, and plaintiffs appeal.

I. Plaintiffs' suit is upon a contract, charging that defendant engaged them as real-estate agents to find a purchaser, or to sell his property, for the sum of fifty thousand dollars. Before they can recover then, plaintiffs must show that they have performed, on their part, the extent of their engagement. It is well settled that an agent to sell real estate will not be allowed his commissions until he produces a buyer who shall be *ready, willing and financially able* to make the purchase absolutely on the terms fixed by his principal. Plaintiffs have failed to show that they secured such a purchaser for defendant's property. In the absence of evidence to the contrary, we shall assume that Holloway ( the person secured ) was only willing to enter into the manner of contract he did enter into with defendant. That was not a contract to purchase the real estate, unconditionally or absolutely, but was a mere option, as was held in a similar case decided by this court. *Reiger v. Bigger*, 29 Mo. App. 421. As was said in case just cited, the provision contained in the contract, hereinbefore quoted, was clearly intended to give Holloway an option to relieve himself of an

engagement to purchase by forfeiting to Walker the fifteen hundred dollars theretofore paid.

II.    Plaintiffs, too, are denied the right to recover on their contract of employment, because they introduce no evidence even *tending* to show that Holloway was financially able to make the purchase of this property.    As already said the agent must produce a purchaser, not only *willing* but *able* to buy the property.    The burden of this proof, too, rests upon the plaintiffs.    *Hayden v. Grillo*, 26 Mo. App. 293.    The only scintilla of testimony, *relating* even to Holloway's financial standing at the time of this transaction, is found in plaintiff Andrews' statement, that he heard defendant Walker remark to Holloway (while the negotiations were pending) in these words : "I don't know your financial standing," in answer to which Holloway·said, " Mr. Walker, you can write, telephone or telegraph to Willis of Kansas City and find out about my financial standing."    This lends no possible light to the question as to whether or not Holloway was then of sufficient financial ability to make purchase of Walker's property.    We see no reason, therefore, to disturb the judgment of the circuit court, and the same will then be affirmed.    All concur.

*Rehearing denied, May 12, 1890.*