## JAMES BUTLER vs. JOHN BAKER.

When a vendor employs a broker to effect a sale of land, and, relying wholly on the broker, does not exercise his own judgment as to the responsibility of a purchaser found and presented by the broker, but signs a contract of sale which the purchaser is unable to carry out, the broker is not entitled to compensation.

Whether, in an action for compensation brought by the broker against the vendor, the burden of proof as to the financial ability or disability of the purchaser is on the plaintiff or defendant, is not decided.

But when the defendant adduces evidence to show the purchaser's irresponsibility, and the plaintiff adduces no evidence on this point,

*Held,* that the jury properly found the purchaser irresponsible, and the presiding judge properly instructed them that they might so find.

EXCEPTIONS to the Court of Common Pleas.

*January* 30, 1892. MATTESON, C. J. This is an action of *assumpsit* to recover compensation claimed to be due to the plaintiff as a real-estate broker. The plaintiff testified at the trial in the Court of Common Pleas that he contracted with the defendant to find a purchaser of his estate for $2,800, and that the defendant agreed with him that he should have as his commission for the sale all that the estate should bring over $2,800 ; that he found a purchaser, named Bronson, for the property at the price of $2,850, and brought him to the plaintiff's agent ; that Bronson paid $25 on account of the purchase-money to the plaintiff's agent, who gave him a receipt therefor, as received from Bronson's wife, dated September 17, 1890, and reciting that the remainder of the purchase-money, $2,825, was to be paid on delivery of the deed on or before October 1, 1890. The plaintiff requested the court to instruct the jury that on such a contract as the one in suit, a broker is entitled to his commission upon the production of a purchaser ready and willing to purchase on the seller's terms and the making of a contract to that effect, although the buyer is afterwards unwilling or unable to consummate the contract. The court declined to give the instruction, but charged the jury that, the contract being that the broker should bring a *purchaser*, the law required him, in order to entitle himself to a commission, to produce a person *able* as well as ready and willing to purchase the estate. The plaintiff excepted to the charge as given, but not to the refusal of the court to give the instruction requested. The jury returned

a verdict for the defendant, and the case is before us on the exception stated, and also upon an exception to the ruling of the court relating to the admission of testimony.

The plaintiff has argued the case as though his exception to the charge as given covered the refusal to give the instruction requested. The question argued, and doubtless intended to be raised, is not strictly before us for the reason stated. Inasmuch, however, as it is open to the plaintiff to raise the question by a petition for new trial on the ground that the verdict is against the evidence, we have thought it proper to give our views upon it. That question is, whether it is enough to entitle a broker to his commission that he has produced a person as a purchaser of an estate who is ready and willing to purchase upon the seller's terms, and a contract has been entered into to that effect between the seller and the person produced ; or whether it must also appear that the person produced is of sufficient pecuniary ability to make the purchase. The plaintiff contends that the signing of the receipt setting forth the terms of the contract of sale was an acceptance of Bronson as a purchaser, and that he thereby became entitled to his commission, his contract having then been completed, without reference to Bronson's ability to perform the contract of purchase. We do not assent to this position. The production of a person as a *purchaser* was an implied representation by the plaintiff to the defendant that Bronson was able financially, as well as ready and willing, to purchase. The case does not show that the defendant had any previous knowledge of Bronson, or exercised any independent judgment of his own concerning Bronson's ability to purchase, but rather that, in signing the receipt and thereby accepting Bronson as purchaser, he relied, as he had a right to rely, upon this implied representation arising out of the plaintiff's duty under the contract. The relation between a broker and his employer is of a confidential nature, requiring the utmost good faith on the part of the former to the latter, and entitling the latter to the benefit of the former's skill, knowledge, and advice. It is scarcely to be presumed that the defendant, knowing absolutely nothing, so far as the testimony shows, concerning Bronson's financial responsibility, would have accepted him as a purchaser unless he did so in reliance upon the duty of the plaintiff to bring

a person capable of becoming a purchaser, or, in other words, possessing the requisite pecuniary ability to make the purchase. The plaintiff's duty as a broker to the defendant as his employer required him to give to the defendant, before the defendant entered into the contract with Bronson, such knowledge as he possessed in relation to Bronson's financial responsibility, or, if he had no knowledge concerning it, to at least have so notified the defendant, in order to give the defendant opportunity to investigate the matter for himself. Had he done so, and the defendant had exercised his own independent judgment and accepted Bronson as a purchaser, a very different question would have been presented. As he failed to do so, we do not think he is entitled to compensation if Bronson proved to be irresponsible financially, notwithstanding the fact that, in the circumstances mentioned, the defendant entered into a contract with Bronson for the sale of the property.

We find no case which holds that a broker has fulfilled his undertaking by presenting a person as a purchaser who is not financially able to make the purchase. In *Iselin* v. *Griffin,* 62 Iowa, 668, 670, it is said: "Something more than a mere offer to purchase should be shown. . . . Such an offer might be made by one without means, nor in any condition to comply with the terms of the sale. . . . An offer from such a one ought not to be considered as constituting the performance of the plaintiff's undertaking to negotiate a sale of the land." See, also, *McGavock* v. *Woodlief,* 20 How. U. S. 221 ; *Barnard* v. *Monnot,* 1 Abb. N. Y. App. 108 ; *Simonson* v. *Kissick,* 4 Daly, 143 ; *Duclos* v. *Cunningham,* 102 N. Y. 678 ; *Kimberly* v. *Henderson,* 29 Md. 512 ; *Sievers* v. *Griffin,* 14 Ill. 63 ; *Leahy* v. *Hair,* 33 Ill. App. 461 ; *Zeidler* v. *Walker,* 41 Mo. App. 118 ; *McLaughlin* v. *Wheeler,* 47 North Western Reporter, 816.

The cases differ as to the question on whom rests the burden of proof in showing the financial ability of the proposed purchaser. The following hold that the burden is on the plaintiff suing for his commission, on the ground that it is a part of his undertaking to produce a person of sufficient financial ability: *Iselin* v. *Griffin,* 62 Iowa, 668 ; *Coleman's Executor* v. *Meade,* 13 Bush, Ky. 358 ; *Pratt* v. *Hotchkiss,* 10 Ill. App. 603 ; *Leahy* v. *Hair,* 33

Ill. App. 461; *Zeidler* v. *Walker*, 41 Mo. App. 118. The follow-
ing, on the other hand, hold that the burden is on the defendant,
on the ground that it is to be presumed, until the contrary appears,
that the person procured as a purchaser is solvent and pecuniarily
able to make the purchase : *Goss* v. *Broom*, 31 Minn. 484; *Hart*
v. *Hoffman*, 44 How. Pr. 168; *Simonson* v. *Kissick*, 4 Daly, 143 ;
*Cook* v. *Kroemeke*, 4 Daly, 268. It is not necessary for us to
decide this question. No testimony was adduced by the plaintiff
in relation to Bronson's financial responsibility, although the plain-
tiff called him as a witness to other matters. On the part of the
defendant, it was shown that on October 1, 1890, the last day of
the period limited for the payment of the residue of the purchase-
money and the delivery of the deed, Bronson, instead of going pre-
pared to pay the money and take the deed, went to ask for ad-
ditional time in which to obtain the money, and that though the
defendant held himself in readiness to complete the sale on his
part for four weeks thereafter, Bronson did not obtain the money
and consummate the purchase.

We think that this evidence, in the absence of anything to the
contrary, warranted the court in instructing the jury that they
might infer from it, and the jury in finding, that Bronson was not
of sufficient pecuniary ability to consummate the purchase.

The testimony admitted, subject to the plaintiff's exception, re-
lated to what took place between the defendant and Bronson in
reference to the contract after, as the plaintiff claimed, he was
entitled to his commission by the acceptance of Bronson as a pur-
chaser by the defendant. In the view of the case we have taken,
the testimony was properly admitted.

*Exceptions overruled, and judgment of the Court of Common
Pleas affirmed with costs of this court.*

*John W. Hogan*, for plaintiff.

*Edward C. Dubois*, for defendant.