RAYMOND B. CANNON *vs.* ANNA G. STAPLES, EX'X.

JANUARY 16, 1925.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This action on the case in assumpsit is brought to recover $400 for services rendered Charles A. Staples in procuring a purchaser for some of his real estate. At the conclusion of the plaintiff's testimony the defendant's attorney stated that the defendant had no testimony to offer. Each party asked for a directed verdict. The trial justice directed a verdict for the plaintiff. The defendant has brought the case to this court by her bill of exceptions claiming that the verdict should have been directed for her.

It appears in the plaintiff's testimony that Mr. Staples engaged him to sell some of his real estate; that he submitted an offer from a prospective purchaser which was accepted by Mr. Staples on condition that he would reduce his commission to $400; that he agreed to accept the reduced commission, and that an agreement for the sale and purchase of the real estate was then signed by Mr. Staples and the prospective purchaser. $200 on account of the purchase price was paid to Mr. Staples at the time he signed the agreement. The agreement was dated October 5, 1922, and Mr. Staples agreed to convey the real estate described therein by warranty deed on or before sixty days from date. The last paragraph in the agreement states that it is understood that

the broker's commission was to be paid by Mr. Staples upon the passing of the deed. Mr. Staples died October 15, 1922, without executing the deed. The defendant claims that Mr. Staples' estate is not bound to pay the commission as the contract was never consummated. It was admitted that plaintiff duly filed his claim against the estate of Mr. Staples in the probate court and that it was disallowed by the defendant.

In the absence of a special contract the production of a purchaser able, willing and ready to purchase on terms satisfactory to the seller entitled the broker to his commission. *Peckham* v. *Ashhurst*, 18 R. I. 376. In *Rice* v. *Mayo*, 107 Mass. 550, it was held that "A written contract for the purchase of an estate, binding both vendor and purchaser, is a sale within the meaning of an agreement to pay a commission to a broker upon sale of the estate." See also *Roche* v. *Smith*, 176 Mass. 595. The note to *Lunney* v. *Healey*, 44 L. R. A. 593, cites many cases in support of the proposition that when a broker produces a purchaser who is accepted by the owner, and a valid contract is entered into, he becomes a purchaser within the meaning of the contract of the broker and the duties of the latter are at an end and his commission earned as soon as an enforceable contract is executed.

The defendant cites *Butler* v. *Baker*, 17 R. I. 582 in support of her position. In this case it appears that the defendant produced sufficient testimony to warrant the trial justice in instructing the jury that they might infer from it that the proposed purchaser was not of sufficient pecuniary ability to consummate the purchase.

It is well established that a verdict should not be directed for the defendant, if on any reasonable view of the testimony, the plaintiff can recover. *Baynes* v. *Billings*, 30 R. I. 53; *Dawley* v. *Congdon*, 42 R. I. 64; *Gilbane* v. *Lent*, 41 R. I. 462; 38 Cyc. 1574.

In the case at bar the buyer procured by the plaintiff was accepted by Mr. Staples; they signed a valid agreement for

the sale and purchase of the real estate, and a substantial sum of money was paid on account of the purchase price. The defendant introduced no testimony to show that the buyer was not able, ready and willing to complete his agreement. The plaintiff did all that he was required to do to earn his commission, and was entitled to a directed verdict.

The defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Thomas F. Black, Jr.*, for plaintiff.
*Benjamin W. Grim*, for defendant.