# LORENZO PRATT

## v.

# EDWARD P. HOTCHKISS.

1. BROKER—COMMISSIONS ON SALE OF LAND.—Before a broker is entitled to commissions he must furnish a purchaser who is ready, willing, and able to complete the purchase on the terms proposed. If the vendor accepts the purchaser, and enters into a contract with him, the commissions are earned; but if he rejects him, the broker is bound to show, not only that the proposed purchaser was willing to accept the offer, but that he was ready and able on his part to perform all the terms of the purchase.

2. JURISDICTION OF COUNTY COURT.—The summons, declaration and affidavit of plaintiff was for more than $1,000, and it was objected that the county court had no jurisdiction. This court, while expressing doubt as to the jurisdiction, does not pass upon that objection.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed May 9, 1882.

Mr. JAMES E. MUNROE and Mr. GEO. LEONARD, for appellant; that the county court had not jurisdiction, cited Klokke v. Dodge, 14 Chicago Legal News, 155.

Generally, as to the test of jurisdiction, Ladd v. Kimball, 12 Gray, 139; Wilson v. Daniel, 3 Dallas, 401; Guard v. Circh, 16 Ind. 401; Newtown v. Danbury, 3 Conn. 553; Mills v. Couchman, 4 J. J. Marsh, 242; Swift v. Woods, 5 Blackf. 97; Henks v. Debertshauser, 1 Mo. App. 403.

To entitle a broker to commissions, he must also show that the purchaser was ready and able to comply with the terms of such sale: Fraser v. Wyckoff, 20 How. (U. S.) 221; Coleman v. Meade, 13 Bush, 358; Sibbald v. Bethlehem Co. 83 N. Y. 378; Hoyt v. Shepherd, 70 Ill. 311; Forbes v. Alexander, 101 Mass. 256.

Mr. E. F. RUNYAN, for appellee; that commissions were due the broker from the time the minds of the buyer and seller met, unless the buyer was at that time insolvent, and was rejected by the seller for that reason, cited Barnard v. Monnot,

3 Keyes, 203; Lawrence v. Atwood, 1 Bradwell, 217; Kock v. Emerling, 22 How. (U. S.) 221; Mooney v. Elder, 11 Sickels, 238; Wylie v. M. Nat. Bank, 61 N. Y. 416; Sibald v. Iron Co. 83 N. Y. Ct. App. 378; Beebe v. Rangor, 35 N. Y. 452.

Insolvency of buyer, if alleged as a defense, must be affirmatively proved by the party setting it up. Hart v. Hoffman, 44 How. Pr. 168.

BAILEY, J. This was an action of assumpsit, brought in the County Court of Cook county, by Edward P. Hotchkiss, a real-estate broker, against Lorenzo Pratt, to recover certain commissions claimed by the plaintiff for services in procuring purchasers for certain lands of the defendant in Cook county, Illinois, and Lake county, Indiana. The controversy covers three different transactions. One consisted of a sale by the plaintiff of one hundred and twenty acres of land in Indiana. It is not disputed that this sale was made, and that the plaintiff became entitled to a commission of two and a half per cent. of the purchase-money, amounting to $90. Of this sum, $40 was paid to the plaintiff prior to the commencement of this suit. Another transaction related to an alleged sale of two hundred and thirty-three acres in Indiana, for which a commission of $728 was claimed. This claim was virtually abandoned at the trial, and need not now be considered. The third transaction, and the one out of which the main controversy arises, relates to sixty acres of land near Pullman, Cook county, Illinois. As to that tract, the plaintiff claims to have found a purchaser for the sum of $12,000 in one Hinman, for which service he charges a commission of $300.

The circumstances of the alleged sale of the sixty-acre tract, as testified to by the plaintiff, are briefly as follows: The defendant employed him to find a purchaser at $12,000, cash, or nearly cash, and he thereupon obtained from Hinman an offer of $11,000 cash, or $12,000, one-third cash, and the balance in one and two years, with six per cent. interest. This the defendant declined, but consented to take $9,000 cash and $3,000 in one year, with six per cent. interest, and this Hinman agreed to give. The defendant, on being advised of Hinman's ac-

ceptance of his proposition, refused to execute any contract or to accept any sum as earnest-money, but promised to deliver to Hinman his abstracts, and said that if Hinman paid for the property he could have it. It appears, however, that the plaintiff received of Hinman $100, on account of the purchase-money of said land, and gave his own receipt therefor.

The defendant testifies that the plaintiff, after some efforts to find a purchaser, told him he could get $9,000 cash, and $3,000 on time. The defendant said that if that proposition could be carried out without delay, he would accept of it, and asked who the buyer was. On being told that it was Hinman, he said that Hinman could not buy the land as he had no money. The plaintiff then suggested that perhaps he had some one who would furnish him the money, to which the defendant replied that he would give no contract as he had no confidence in its completion, but that if Hinman would pay the money without delay, it would be all right, and the plaintiff assented to the arrangement.

The evidence shows that Hinman was seeking to purchase the land for himself and one McElroy, and that neither he nor said McElroy had any money of their own beyond a few hundred dollars, so that of their own means they were utterly unable to make the $9,000 payment. It seems that both were carrying on negotiations with other parties for a loan of the money, but so far as appears, no definite results had been reached. While matters were in this situation, McElroy died, whereby the entire burden of the transaction was thrown on Hinman, and after some ineffectual struggles on his part to raise the money through the agency of friends, he abandoned the enterprise, and returned the abstracts to the defendant, after obtaining from him a promise to return the $100 paid to the plaintiff.

On this evidence the jury found a verdict for the plaintiff, and assessed his damages at $350. From this sum the plaintiff remitted $100, and had judgment for the residue.

The true doctrine applicable to cases of this character is, that a broker, before he is entitled to commissions, must furnish a purchaser who is ready, willing and able to complete the

purchase on the terms proposed.    True, if the vendor accepts the purchaser, and enters into a valid contract with him, the commission is earned.    But if he rejects him, the broker is bound to show, not only that the proposed purchaser was willing to accept the offer, but also that he was ready and able on his part, to perform all the terms of the purchase.

We think the evidence fails to show an acceptance by the defendant of Hinman as a purchaser.    The defendant testifies that he declined to enter into a contract with him, on the ground of his lack of ability to perform, but offered to let him have the property if he would pay the money.    This is substantially corroborated by the plaintiff's testimony.    He swears that the defendant refused to execute the contract, but said that if Hinman would pay for the property he could have it. The first installment of the purchase-money, $9,000, was to be paid cash in hand, and of course the production and payment of the money were to be simultaneous with the execution of the proposed contract.    There is no pretense that the money was produced or offered, and the utmost that the defendant can be said to have done, is to declare his willingness to accept Hinman as a purchaser and enter into a contract with him on the production and payment by him of said $9,000.

We think the evidence wholly fails to support the verdict, and the verdict and the judgment will accordingly be reversed and the cause remanded.

The point is made that, as the plaintiff in his summons and declaration claims $1,100, and in the affidavit of his claim filed with his declaration swears that there is due him, after allowing all just credits, deductions and set-offs, the sum of $1,078, the county court has no jurisdiction.    The proposition thus raised is one about which we entertain serious doubts, but as the plaintiff will have an opportunity after the cause is remanded, if he sees fit, to so amend his pleadings and papers as to obviate all question as to jurisdiction, we do not feel called upon to express any opinion on that subject.

                                    Judgment reversed.