### STEINBACH v. MONTPELIER CARRIAGE CO.

*(Circuit Court, D. Vermont. March 2, 1889.)*

1. FACTORS AND BROKERS—COMMISSIONS.
    The plaintiff agreed to obtain the orders of responsible parties for goods manufactured by the defendant, and, after a number of orders had been obtained, the defendant rendered an account of sales made, and agreed to pay plaintiff any commissions that might be due him on account of such sales, reserving no right to question the responsibility of those giving the orders. *Held*, that as there was no proof that the defendant had suffered any loss on account of a lack of such responsibility, the plaintiff was entitled to recover his commissions without showing such responsibility.

2. SAME.
    But plaintiff was not entitled to recover commissions on his contract with defendant for orders sent by him but which were never received, although there were circumstances from which the defendant might have inferred that such orders had been sent; the latter not having agreed to notify the plaintiff of missing orders.

At Law.

*Stephen C. Shurtleff*, for plaintiff.
*Hiram A. Huse*, for defendant.

WHEELER, J. The defendant agreed to fill orders of responsible parties, obtained by the plaintiff, for goods to be made by the defendant, and to pay the plaintiff the difference between the prices at which they should be ordered above a schedule of prices at maturity of bills, and to

render an account of sales quarterly. On an account of sales rendered there was a column headed "Merchandise on Sale," which was footed at $4,334.70. The defendant, by writing dated June 28, 1886, agreed to pay the plaintiff any commissions that might be due him on the amount marked as on sale in that statement in 90 days from the 1st of June. This amount has been found to be $1,053.57, assuming, without proof on the part of the plaintiff, that the orders so marked were given by responsible parties. The only question made in respect to this item is whether the plaintiff is entitled to recover the amount of the item without that proof. The orders were before the parties to the agreement of June 28, 1886, when it was made. The defendant reserved no right to question the responsibility of those giving the orders. The maturity of the bills at 90 days from June 1st would determine the amount to be paid to the plaintiff, unless those to whom the goods were sent were not responsible. The time to determine whether the defendant would fill the orders or not was when the orders were received. If the orders were accepted, and the goods forwarded, the plaintiff would be entitled to his commissions, unless he warranted the responsibility of those giving the orders. If he did so warrant, which is not held or denied, he might be liable for any loss to the defendant occasioned by want of such responsibility, but not without proof of such loss by the defendant. As the case stood before the trier, without proof either way, the plaintiff would seem to be entitled to this commission. The plaintiff numbered his orders taken under this contract during one year extending from 1 to 586, for convenience in tracing them. Then he commenced at 1 again, and when he had got 48, transmitted them, but they did not reach the defendant. He forwarded others, numbered 49 and on. The defendant did not know that the 48 had been sent, and he did not know that they had not been received till after they could not be duplicated, and nothing more was done in that direction. The trier has found that the defendant was guilty of negligence of duty in not informing the plaintiff on receipt of order numbered 49 that none for preceding numbers had been received, and that the plaintiff lost commissions on account of that negligence. The plaintiff claims to recover the amount of the commissions so lost.

This is an action of *assumpsit* to recover the amount due the plaintiff on the contract. The question whether the plaintiff is entitled to recover this amount on these facts is the only one remaining in the case. The defendant did not agree to notify the plaintiff of orders not received; the getting of the orders to the defendant was what he was to be compensated for. When the defendant has satisfied the commissions on orders actually received, the contract will be fulfilled. No duty as to orders not received arose from the contract; and damage resulting from any duty arising from other circumstances is too remote to be recovered in an action on the contract. The referee has allowed the item of $1,053.57, and disallowed this, which appears to be correct. Other items vary this amount. Judgment on report for plaintiff for amount named in report.