### Will W. Hammond v. Isaac N. Mitchell & Son.

1. REAL ESTATE AGENT—*When Not Entitled to Commissions.*—In order to be entitled to his commissions the burden is upon the agent to establish by a preponderance of the evidence a valid contract authorizing him to act as such agent and that he found a purchaser able and willing to buy.

2. SAME—*Contract Must be Definite.*—In the case at bar the court held the transaction did not amount to a contract, etc.

Assumpsit, for commissions. Appeal from the Circuit Court of Mason County; the Hon. GEORGE W. HERDMAN, Judge, presiding.   Heard in this court at the May term, 1895.   Reversed and remanded.   Opinion filed November 15, 1895.

J. W. PITMAN, attorney for appellant.

WALLACE & LACEY, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was assumpsit by appellee firm to recover commissions for finding a buyer for real estate under an alleged verbal contract.

The case was submitted to the court without a jury. Judgment for plaintiff below and appeal to this court.

The appellant denied he had entered into the alleged contract.   Only three witnesses, Isaac N. Mitchell, one of the appellee firm, Joseph B. Conover and the appellant, testified in relation to it.

It appeared from this testimony the appellant, who resided in Peoria, Illinois, as agent for a Mrs. Bradley, contracted to buy a farm owned by Conover, and he and Conover came into the office of the appellee firm in Havana, Illinois, to prepare and execute certain papers necessary to conclude the transfer of the land to Mrs. Bradley.

While so engaged a conversation ensued and, as it is alleged, the contract sued upon was thereby entered into. Upon the point Mitchell testified:

"Hammond and Mr. Conover came to my office to make out the papers for land.   Conover was selling to Mrs. Bradley.   Hammond was her agent.   Something was said that the land ought to be worth $50 per acre.   Think Hammond asked Conover, 'Will you give me $50 for it back?' I think Conover said he ought to have $50 for it.   I then asked Hammond if he would give me two per cent if I would sell it for $50 an acre, and he said, 'No, that was too much.' He said he would give me one per cent if I would sell it or find him a buyer."

The appellant testified that "he had no authority to sell

the land and did not know that Mitchell was a real estate agent; that while Mitchell was making out the acknowledgment of Conover to the deed to Mrs. Bradley, he said he thought he could get a buyer for the land at $50 an acre for two per cent. I said that was too much. He said he would do it for one per cent. I made no reply, but closed up the business with Conover, and went away."

Conover testified: "I don't remember any reply that Hammond made; don't remember anything about Hammond telling Mitchell he would give one per cent for selling the land."

We are not at all satisfied with the conclusion that a contract was established by the preponderance of the evidence.

Moreover we think the evidence failed to show that the appellees procured a buyer who was willing to enter into a definite contract to purchase the land or was able to complete the purchase.

The contract, as testified to by Mitchell, could only have been fulfilled by procuring a purchaser able and willing to buy the land at $50 per acre and pay for it in cash.

The supposed purchaser, Mohlman, testified that "he and Mitchell never got far enough along with the deal to fix how much he was to pay down; he did not have the money to buy, but had an uncle in New York who told him he would furnish money if good investments could be made in land; but no arrangement had been made to get money to buy the land; Mitchell said he would see about the terms upon which the land could be had as soon as the witness was ready, but nothing was settled as to how much was to be paid in cash and how much upon time; the trade did not get that far along; if all cash was necessary would not have been much trouble in getting it from his uncle; had the trade been closed he thought he would have been willing and able to pay for the land," etc.

Mitchell testified no given amount to be paid down was mentioned between him and Mohlman, and that he told Mohlman only a reasonable cash payment would be required but no arrangement was made about any balance remaining unpaid.

It is perfectly clear that the negotiations between Mitchell and Mohlman had not proceeded far enough to authorize Mitchell to make any definite offer for the land which the appellant was required to accept or with which Mohlman would have been required to comply or respond in damage for non-compliance. It was equally clear that Mohlman was not financially able to buy the land and not clear that he could respond in damages in case he became liable therefor.

Under such state of case, a real estate broker can not recover commissions under a contract to find a purchaser for lands. Pratt v. Hotchkiss, 10 Ill. App. 603; 2 Eng. & Amer. Ency. of Law, p. 587, and also authorities cited in note 1; Mechem on Agency, 966.

The judgment must be reversed and the cause remanded.