83  139
e118 ³ 65
113  ³ 66

## A. T. Jenkins v. Hollingsworth & Tabor.

1. EVIDENCE—*Tending to Prove a Matter Admitted—Properly Rejected.*—It is the proper practice to reject evidence tending to prove a fact already admitted by the opposite party.

2. REAL ESTATE BROKER—*When Entitled to His Commission.*—A real estate broker, before he is entitled to commissions, must furnish a purchaser who is ready, willing and able to complete the purchase on the terms proposed, but if the vendor accepts the purchaser, and enters into a valid contract with him the commission is earned.

3. SAME—*Where One or Both of the Parties Refuse to Comply With the Contract.*—When the parties enter into a valid contract, capable of being enforced, and one or both the parties refuse to comply with such contract, the commission of the broker is earned, and he can recover.

4. SAME.—*Where the Seller Refuses to Compel Performance by the Purchaser.*—The broker is entitled to his commissions, by the purchaser procured by him and the vendor, his employer, entering into a valid and binding contract. If, after the making of such contract, the purchaser declines to complete the sale and the seller refuses to compel performance, the broker is not to be deprived of his commissions.

5. SAME—*What an Agreement to Obtain a Purchaser Implies.*—An agreement by a real estate broker to procure a purchaser, not only implies that the purchaser shall be one able to comply, but that the seller and the purchaser must be bound to each other in a valid contract.

6. SAME—*What an Agreement to Make a Sale Implies.*—Where the agreement of a real estate broker is to make a sale, his commission is earned when a contract is entered into mutually obligatory upon the vendor and the vendee, even though the vendee afterward refuses to execute his part of the contract.

Assumpsit, for broker's commission. Trial in the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in

this court at the November term, 1898. Reversed and remanded. Opinion filed June 3, 1899.

JOHN R. & WALTER EDEN, attorneys for appellant.

HARBAUGH & WHITAKER, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellees recovered a judgment against appellant for $100 for commissions for procuring an exchange of property between appellant and J. W. Piper, from which this appeal has resulted.

The declaration contains a special and common counts, the former being to the effect that appellant employed appellees to sell or trade the property in question for the stipulated compensation of $100, in case of sale or trade consummated, and in pursuance of such employment they did sell such property to J. W. Piper, who was then ready, able and willing to buy the property, and thereafter appellant and Piper entered into a written contract, by which appellant sold to Piper certain brick buildings in Sullivan, and stock of implements, hardware, fixtures, etc., therein, and in payment thereof Piper sold to appellant certain real estate described, in Wayne county, subject to incumbrances of $2,135, and as further payment agreed to assume and pay a mortgage of $2,000 then subsisting upon the Sullivan property, and to execute a second mortgage thereon for $1,055 due in one year. It is averred that appellant accepted Piper as purchaser and thereby became liable to pay appellees the $100. To the declaration the general issue alone was pleaded. The trial was by jury, resulting in a verdict for $100.

The errors assigned and urged upon our attention, by which a reversal of the judgment is sought, are that the court admitted improper and rejected proper evidence, gave improper and refused proper instructions to the jury, the verdict is against the evidence, and that the court erred in overruling appellant's motion for a new trial.

In their argument counsel for appellant insist the court

erred in rejecting the evidence of the condition of the title of the land of Piper, described in the contract.  In view of the admission by appellees upon the trial, and the renewal of such admission in this court by counsel for appellees, that the title to Piper's property was defective, and that appellant had refused to comply with his part of the contract because of such defects of title, we can not say that appellant was prejudiced by such ruling of the court.  The admission superseded all proofs upon the point in question, and rendered the rejection of the offered evidence harmless.  Furthermore, we think it is the proper practice to reject evidence tending to prove a fact which has already been admitted by the opposite party.

There was no substantial difference in the respective claims of the parties on the trial concerning the conditions under which the $100 was payable, appellees contending that it was the agreement that if they found a purchaser or traded that appellant should pay $100, while appellant contended the agreement was that he was to pay when the trade was consummated, or the property was transferred. In the view we take of the case both these contentions mean the same thing, namely, that commissions were due only when appellee should produce a purchaser who was ready, able and willing to complete the purchase or exchange on the terms proposed, or that might be agreed upon between the parties.  Here it is also pertinent to observe that this view is in harmony with the declaration wherein it is averred that Piper was then ready, able and willing to buy such property.  Appellees thus, and as we think, properly, assumed the burden of showing that Piper, the alleged purchaser, was ready, able and willing to complete the purchase or exchange.  Leahy v. Hair, 33 Ill. App. 461;  Davis v. Gossette, 30 Ill. App. 41; Pratt v. Hotchkiss, 10 Ill. App. 603.

In the latter case it was said:

The true doctrine applicable to cases of this character is that a broker, before he is entitled to commissions, must furnish a purchaser who is ready, willing and able to complete the purchase on the terms proposed.  True, if the

vendor accepts the purchaser, and enters into valid contract with him, the commission is earned.

Counsel for appellees earnestly contend that the latter sentence from the decision from which we have quoted, and also Wilson v. Mason, 158 Ill. 304, support the view that when appellant and Piper entered into the written contract recited in the declaration, appellant thereby accepted the purchaser and the commission was earned. It can no longer be doubted the rule in such cases in this State is that when the parties enter into a valid contract, capable of being enforced, and one or both of the parties refuse to comply with such contract, still the commission of the broker is earned, and he may recover. In the case of Pratt v. Hotchkiss, *supra*, the question whether the parties had entered into a valid contract was not before the court for decision, and we must accept the statement of the rule as an abstract proposition, and as such it is doubtless correct, if the word valid is to be understood in the sense that the contract so made was capable of being enforced as a legal or equitable remedy against the defaulting party. In Wilson v. Mason, *supra*, it was said: Some of the cases go so far as to hold that the broker is not entitled to his commissions unless the sale is actually accomplished by the delivery of the deed of the land from the vendor to the vendee, and the payment of the purchase money by the latter, or unless it is proven that the sale is prevented by the fault of the vendor. Other cases seem to hold that the broker is entitled to his commissions when the minds of the vendor and purchaser meet in verbal agreement for the sale of the one and the purchase by the other of the land. We are not inclined to follow either of these classes of cases, regarding them as extreme and exceptional. The true rule is that the broker is entitled to his commissions if the purchaser presented by him and the vendor, his employer, enter into a valid, binding and enforceable contract. If, after the making of such a contract, even though executory in form, the purchaser declines to complete the sale, and the seller refuses to compel performance, the broker ought not to be deprived of his

commissions.  He has done all that he can do when he produces a party who is able, and, in a binding form, offers to purchase upon the proposed terms.  An agreement by a real estate broker to produce a purchaser not only implies that the purchaser shall be one able to comply, but that the seller and the purchaser must be bound to each other in a valid contract.  So, where the agreement of the real estate broker is to make a sale, his commission is earned when a contract is entered into which is mutually obligatory upon the vendor and vendee, even though the vendee afterward refuses to execute his part of the contract of sale or purchase.  (And cases cited.)

"An oral agreement upon the part of the purchaser of land would not be a valid agreement; and if he refused to complete the sale of the land after such oral agreement, without fault upon the part of the seller, the obligation of the broker would not be fulfilled, and he could not recover his commissions.  (Citing cases.)  Nor would a written agreement be binding upon the purchaser of land, under the statute of frauds, if such agreement were signed for by him by some other person not lawfully authorized by writing so to do."  (Citing cases.)

In the case presented it was admitted on the trial, and such admission is renewed by counsel in this court, that the title of Piper to the land he had agreed to exchange and convey to appellant was defective, and for such reason the trade was not consummated.  Piper was not therefore able to complete his contract to convey title he did not have.  If he did not have title the contract he had entered into with appellant was incapable of specific performance, and the record is wholly silent in respect to his ability to respond in adequate damages to appellant for a non-performance of his contract, even if such a remedy is contemplated by cases cited.  It would seem from the quotations we have made from Wilson v. Mason, *supra*, that if there was a valid legal defense to the contract between the vendor and purchaser, on the part of the principal, the broker could not rightfully demand his commissions, but whenever either party to the contract refused to comply, without legal justification or excuse, the broker is entitled to his commissions.  In the

case here, it being admitted Piper had no title to convey, it would not be contended the latter had any grounds for a suit, either at law or in equity, against appellant upon the contract between them, and it was not, therefore, a valid contract enforceable in any manner against appellant, nor could he by means of any adequate remedy enforce it against Piper.

It seems plain to us that appellees failed to prove the purchaser procured by them was ready, able and willing to complete his contract, but on the contrary admitted he was not.

Counsel for appellant have criticised the instructions of the court, but upon an examination of them, when fairly considered, we are not disposed to believe they are out of harmony with the views herein expressed.

For the error that the verdict is against the evidence of the case, the judgment of the Circuit Court will be reversed and the cause remanded.