[No. 4419.]

## COLBURN v. SEYMOUR.

**1.  Principal and Agent—Commission—Sales.**

An agent cannot recover commission for a sale not completed unless he shows that he procured and produced to his principal a purchaser ready, willing and able to purchase the property upon the terms and conditions under which he was authorized to negotiate a sale, and the fact that the seller may have repudiated his contract and refused to comply with its terms and conditions does not change this rule.

**2.  Same—Burden of Proof.**

In an action by an agent against his principal for commission upon a contract to sell property where the principal refused to consummate the sale, the burden of proof is upon the plaintiff to show that at the time when, under his contract with defendant, he had the right to make the sale, he had a purchaser ready, willing and able to take the property upon the terms and conditions under which defendant had agreed to sell.

**3.  Same—Instructions—Ability of Purchaser—Presumptions.**

In an action by an agent against his principal for commission under a contract to sell property, an instruction that if defendant refused to consummate the sale upon grounds other than that the purchaser was unable to pay, that then the law will presume that the proposed purchaser was able to pay the purchase price, was erroneous.

*Appeal from the District Court of Arapahoe County.*

Action by appellee, as plaintiff, to recover from appellant, as defendant, commissions claimed to have been earned as a mining broker. From a judgment for plaintiff in the sum of two hundred thousand dollars, the defendant appeals.

The defendant agreed with the plaintiff that if the latter would effect a sale of the property of The Gold King Mining Company for the sum of two million dollars, that the plaintiff should receive on such sale a commission of ten per cent. The parties do not agree with respect to the further terms and conditions of this agreement, but as these disputed questions of fact do not relate to matters affecting the rights of the parties, it is not necessary to state them in detail. Within the life of the agreement, according to the claim of plaintiff, he wired the defendant that he had a buyer, and was advised by the latter by telegram that he was too late, and that nothing further could be done. In answer the plaintiff again wired the defendant that he had secured a purchaser, and later again telegraphed the defendant that he was ready to pay the stipulated price for the property, and demanded delivery according to the agreement. The defendant did not reply to either of the last two communications. The plaintiff testified to the effect that at the time of these several communications to the defendant, he had secured a purchaser who had agreed to purchase the property at the price which the plaintiff had agreed to accept. There was no testimony offered as to the ability of the proposed purchaser to pay this price. The court directed the jury that if the plaintiff, within the life of the agreement, secured a purchaser for the property at the price fixed by the defendant, and communicated this fact to the latter, and that he refused to consummate the sale upon grounds other than that the purchaser was unable to pay, that then the law will presume the proposed purchaser was able to pay the purchase price.

Mr. J. C. HELM and Messrs. WOLCOTT, VAILE & WATERMAN, for appellant.

Mr. CHAS. J. HUGHES, Jr., for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

The conditions under which a broker employed to sell real estate becomes entitled to commissions when a sale does not actually take place, have been variously stated according to the variant facts under consideration.   The general rule in such circumstances is, that he cannot recover commissions unless he shows that he procured and produced to his principal a person ready, willing and able to purchase the property upon the terms and conditions under which he was authorized to negotiate a sale.—*Buckingham v. Harris,* 10 Colo. 455; *Wray v. Carpenter,* 16 Colo. 271; *Babcock v. Merritt,* 1 Colo. App. 84; *Cole v. Thornburg,* 4 Colo. App. 95; *Wilson v. Mason,* 158 Ill. 304; *Booth v. Moody,* 30 Ore. 222; *Parker v. Estebrook,* 68 N. H. 349; *Gerding v. Haskin,* 141 N. Y. 514; *Pratt v. Hotchkiss,* 10 Ill. App. 603; *Jenkins v. Hollingsworth,* 83 Ill. App. 139; *Mattingly v. Pennie,* 105 Cal. 514; *Cook v. Forst,* 116 Ala. 395; *Sibbald v. Bethlehem Iron Co.,* 83 N. Y. 378.

The mere fact that the defendant may have, as claimed by plaintiff, repudiated his contract and refused to comply with its terms and conditions, does not change this rule of law in so far as it requires the broker, before he is entitled to his commissions, to establish that he procured a purchaser who was ready, able and willing to purchase the property upon the terms and conditions under which the defendant had agreed to sell.   The compensation of plaintiff was contingent upon his success in effecting a sale of the property at the price and upon the terms under which the defendant had agreed to convey.   The refusal of the defendant to consummate the sale has not damaged the plaintiff unless he can

show that, if the defendant had carried out his contract, the sale would have been made. How can he show this except by proving that, at the time the contract was repudiated, as claimed, he was in a position to have effected a sale in conformity with the conditions under which the property was placed in his hands? Certainly, he has not been prevented from earning his commissions by the mere fact that the defendant refused to sell the property unless he proves that, but for the conduct of the defendant, the sale would have been consummated. The refusal of the owner to sell according to contract does not prove, neither does it raise a presumption, that the alleged purchaser was able to purchase, but renders the owner liable to the broker for commissions, the same as though the sale had actually been effected, provided the latter establishes that the proposed purchaser was ready, able and willing to make the purchase upon the terms stipulated by the owner to the broker. The repudiation of the contract by the defendant did not change the rule of law that the plaintiff must make out a *prima facie* case, and establish a state of facts from which it appears that he had earned his commissions. In order to do this, even though the defendant had refused to sell, it was incumbent upon the plaintiff to prove that, at the time or times when, according to his claim, he had the right under his contract with the defendant, to effect a sale, that he had a purchaser ready, able and willing to take the property upon the terms and conditions under which the defendant had agreed to sell.—*Iselin v. Griffith*, 62 Iowa 668; *McGavock v. Woodlief*, 20 How. (U. S.) 221; *Hayden v. Grillo*, 26 Mo. App. 289; *Coleman v. Mead*, 76 Ky. (13 Bush) 358; *Zeidler v. Walker*, 41 Mo. App. 118; *Wright v. Beach*, 82 Mich. 469; *Burnett v. Eddling*, 19 Tex. Civ. App. 711; *Pratt v. Hotchkiss, supra.*

The instruction to the jury by the learned trial judge is clearly illogical. It permitted the plaintiff to make out a *prima facie* case without showing more than that he had procured a purchaser and notified defendant of that fact. It cast upon the defendant the burden of proving that this purchaser, whose name does not appear to have been disclosed until the trial, was not able to pay the purchase price. It relieved the plaintiff from establishing the performance of those acts which, under his contract, it was necessary for him to perform before he became entitled to his commissions, namely, effect a sale, or prove facts from which it would appear that, except for the fault of the defendant, the sale would have been effected. In brief, it allowed the plaintiff commissions without proving that he had complied with the conditions under which he was to receive them. The financial responsibility of the alleged purchaser was, or ought to have been, known to the plaintiff. Upon such responsibility rested the ability of the purchaser to make the purchase. Through him plaintiff expected to effect the sale, and, necessarily, the burden rested upon the plaintiff to prove that the financial ability of the proposed purchaser was such that he was able to make the purchase.

Counsel for appellee cite cases which seemingly, or do, support the theory under which this case was submitted to the jury. Some of these cases are distinguishable from the one at bar, while those which lay down the rule followed by the trial judge, ignore the fundamental principle that a defendant is not required to disprove a case until one is made against him. In *Goss v. Brown*, 18 N. W. 290; *Grosse v. Cooley*, 45 N. W. 15; *Simonson v. Kissock*, 4 Daly 143; *McFarland v. Lillard*, 28 N. E. 229, and *Levy v. Ruff*, 22 N. Y. Supp. 744, language is employed which gives color to the claim advanced by counsel

for appellee, that in this case it was unnecessary to prove the financial responsibility or ability of the purchaser to consummate the deal; but an examination of the cases demonstrates that they are clearly distinguishable from the one at bar, in this respect: That the owner of property placed in the hands of a broker for sale had accepted the proposed purchaser, or had entered into an agreement with him, or one had been made by the broker with the proposed purchaser binding upon the latter, which the owner afterwards repudiated. The same may be said of *Steinbach v. Montpelier Carriage Co.*, 37 Fed. 760. There the broker was to receive commission on sales of goods sold, and the court held that he was entitled to commission on all orders which his principal had received from him and filled, without showing the financial responsibility of the purchaser; so that in each of the above cases it would appear that the principal, by accepting the purchaser, had either waived the right to proof of the financial ability of such purchaser in the first instance, or himself had assumed, by accepting him, that he was able to carry out the contract entered into, or that a contract binding the purchaser had been made by the broker.

*Hart v. Hoffman*, 44 Howard's Practice (N. Y.) 168, according to the syllabus, supports the instruction given by the trial judge; and yet, in the opinion, it is only said that the solvency of the proposed purchaser was *prima facie* established, and nothing is said about his pecuniary ability to make the purchase. Manifestly, there is a marked distinction between the solvency of an individual and his ability to make a purchase. Solvency means his ability to discharge his legal obligations, while his ability to purchase property means, as the authorities say, that he is "ready" to do so, which, according to Webster, is "equipped or supplied with what is needed for

some act or event." Besides, it appears from the opinion in that case that the proposed purchaser did have the money on hand at the appointed time to close the deal. The last case is referred to in *Buckingham v. Harris, supra,* in which the writer of the opinion employs the language of the syllabus. It is obvious from reading the opinion that the decision was in no sense dependent upon the rule as announced in *Hart v. Hoffman.* There was evidence that the purchaser procured by the broker was ready and willing to pay the price set upon the land. The owner refused to make the sale. The jury were instructed that when a broker produces to the owner a purchaser able and willing to purchase upon terms offered by the owner, the agent is entitled to his commissions, even though the owner refuses to consummate the sale. This statement of the law was held to be correct, and the cause was decided in favor of the broker upon that proposition.

*Duclos v. Cunningham,* 102 N. Y. 678, only goes to the proposition that if a broker is required to furnish the vendor with the name of the purchaser as a condition precedent to his right to recover commissions, that condition is waived by the vendor when he interposes no objection on that ground, but absolutely disaffirms the sale. We have not attempted to pass upon that question in the case at bar.

*Mooney v. Elder,* 56 N. Y. 238, merely holds, under the facts there presented, that an owner having based his refusal to pay commissions not upon the ground of the invalidity of the parol contract of sale entered into between the owner and the party procured by the broker, but upon that of the withdrawal of the property from market, could not shield himself from liability upon the former ground. That question is in no wise involved in the present case.

*Cook v. Kromeke,* 4 Daly 268, seemingly holds

that where the owner refuses to carry out his contract, it is not necessary for the broker to prove the pecuniary ability of the purchaser to pay the purchase price, but that the burden is on the owner to prove the contrary. If the syllabus correctly announces the decision, it is clearly against the weight of all authority; because it holds that the broker makes out a *prima facie* case when he proves the introduction by him, to the owner, of a person willing to purchase on the terms he was authorized to negotiate a sale.

While it is true there seems to be some conflict of authority on the question of whether or not it is necessary for the broker to prove the financial ability of the purchaser in those cases where the owner refuses to carry out the contract of sale, we are of opinion that the great weight of authority, and the well-considered cases on the subject, require that he make such proof, because he must show, before he is entitled to recover his commissions, that he performed those acts which, according to the contract of his employment, it was necessary for him to perform in order to become entitled to the compensation agreed upon.

It is also urged on behalf of defendant that it was necessary for the plaintiff to acquaint the former with the name of the proposed purchaser at the time when he claimed to have been ready to effect the sale. We shall not pass upon that question.

The judgment of the district court is reversed, and the cause remanded for a new trial.

*Judgment reversed.*