## William A. Dennis v. Henry Walters.

### Gen. No. 4,539.

1. REAL ESTATE COMMISSIONS—*when become due.* Real estate commissions become due and payable when the broker has produced a purchaser with whom the owner has entered into a valid and enforceable contract.

Action of assumpsit. Appeal from the Circuit Court of Lee County; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1905. Reversed, and judgment here. Opinion filed August 1, 1905. Rehearing denied October 20, 1905.

WILLIAM H. WINN, for appellant.

J. E. LEWIS and C. H. WOOSTER, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Appellant brought this action of assumpsit to recover a balance which he claims was due him from appellee on commission for making a sale of real estate for appellee. At the close of all the evidence the court directed a verdict for the defendant below, and plaintiff appeals.

The main facts are not seriously disputed. Appellee employed appellant to sell a 166 acre farm, agreeing that if appellee sold it for $67 per acre, to pay $2 per acre commission. Appellant produced William K. Salisbury and on the 11th of July, 1903, a written contract of purchase was entered into by which Salisbury agreed to purchase the farm in question for $67 per acre, paid $500 cash and agreed unconditionally to pay the balance at future dates fixed. On the day the contract was entered into appellee paid appellant $100, and appellant executed a receipt as follows:

" AMBOY, ILL., July 11th, 1903.
$332.

Received of Wm. A. Dennis the sum of one hundred dollars and the sum of two hundred and thirty-two dollars to be paid when sale is completed with Wm. K. Salisbury as

per agreement this day made between Henry Walters and wife and said Wm. Salisbury."

This receipt was executed in duplicate, one copy being signed by each of the parties. It is apparent the paper was intended as a receipt from Dennis for the $100 paid by Walters and as an agreement when the balance should be paid, although it is very ambiguous. Appellee contends that this writing is to be construed as an agreement that the $232 is only payable upon the completion of the contract with Salisbury and the payment of the full purchase price for the land. Salisbury failed to complete his payments and under the terms of the agreement forfeited the $500 paid. The evidence shows that the so-called receipt was executed after the agreement with Salisbury had been signed and the $500 paid. Under the evidence and the rules of law established in this state the whole amount of commission becomes due when appellant had produced a purchaser with whom appellee entered into a valid enforceable contract. Russell v. Hurd, 113 App. 63, and cases there cited. The contract entered into by Salisbury and appellee was such valid and enforceable agreement. Appellant's commission was then due at the time the agreement was signed. The execution of the receipt at the time $100 was paid, in so far as it recites that the $232 is to be paid when the sale is completed with Salisbury, was not supported by any new or valuable consideration. When money is due a mere promise to forbear its collection to some future date upon consideration of payment of part of the amount due is a mere *nudum pactum* and is not enforceable. Waters v. Simpson et al., 2 Gilm. 570; Stuber v. Schack, 83 Ill. 191.

Clearly under the law there was due appellant under the original employment $332 when Salisbury signed the agreement, appellant's services were at an end and his commission fully earned. Only $100 has been paid and no consideration whatever appears for the alleged promise of appellant not to collect the balance until Salisbury completed his purchase. There is therefore due appellant $232

for which he is clearly entitled to judgment. It appears that there is no defense to appellant's cause of action and since no benefit can result from a retrial of this case, judgment will be entered in this court for the amount due, $232 and costs. The judgment below is reversed and judgment in this court accordingly and execution awarded.

*Reversed and judgment here.*

Finding of facts, to be incorporated in judgment of the court:

We find as a fact that appellee employed appellant to sell 166 acres of land and promised to pay as commission $2 per acre. We find as a fact that appellant fully performed his contract and is entitled to recover $332 less $100 paid him by appellee. We find that appellant produced W. K. Salisbury as a purchaser and that appellee entered into a valid enforceable contract to sell said farm to said W. K. Salisbury, and received $500 of the purchase money.