### M. F. Tackett v. W. H. Powley.

1. REAL ESTATE COMMISSIONS—*when broker entitled to.* Unless there is some provision in the agreement or contract of employment to the contrary, a broker is entitled to his commission when he furnishes to the seller a person who is ready, able and willing to buy the property at the terms named by the seller; and the seller is not absolved from his obligation to pay if, upon examination, the title to his property is defective.

Action of *assumpsit.* Appeal from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906. Rehearing denied January 8, 1907.

H. LEONARD JONES and LE FORGEE & VAIL, for appellant.

O. C. ADAMS, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

W. H. Powley brought suit in the Circuit Court of Macon county against M. F. Tackett to recover a commission alleged to have been earned in the sale of a piece of land in Arkansas to one H. M. Duvall. Upon trial a verdict was returned in favor of Powley and against Tackett in the sum of $358. Judgment was rendered upon the verdict and Tackett appealed.

It appears from the evidence that Tackett, the appellant, was a real estate agent living at Champaign, Illinois, and that as a part of his business he was selling land in Arkansas; that Powley was a railroad conductor and in the discharge of his duties as such conductor often came in contact with people seeking the purchase of lands in the southwest. Appellant and appellee first met on a railroad train, when it was agreed that appellee would furnish customers to appellant so far as he could, and that when he did procure purchasers for Arkansas land, Tackett would pay appellee a commission of one dollar per acre for the land sold.

As to some of the terms of the contract the parties differ radically, appellee insisting that there was no agreement other than a verbal one to the effect that he should send customers to appellant and in case of sale he was to receive one dollar per acre upon all land sold, while appellant insists that there was to be no commission paid until deeds and abstracts were delivered to the purchasers, and that thereafter he and appellee signed a written contract to that effect, which written contract had been lost.

After the arrangement between the parties had been made and about August 8, 1903, appellee introduced to appellant H. M. Duvall who went with both appellant and appellee to Arkansas where he saw a tract of land of 358 acres which he concluded to buy.

On the 29th day of the same month appellant and Duvall entered into a contract in writing, under seal, by the terms of which Tackett agreed to convey the said tract of 358 acres to Duvall by warranty deed, and Duvall agreed to pay Tackett $5,370, $358 in cash, $1,527 on delivery of deed and abstract, and the balance in one, two and three years, with interest at six per cent., at which time (August 29) Duvall delivered his check to appellant for the cash payment of $358.

Soon after the execution of the contract between Tackett and Duvall the abstracts were delivered, when it was discovered that the title to a part of the land was defective and that it would take about six months to clear the title by procedure in court in Arkansas. Thereupon Duvall refused to take the deed and on the 27th day of October, 1903, Tackett, by check, returned the $358 paid to him at the time the contract of sale of August 29 was made.

Appellant first contends that inasmuch as Duvall would not accept the deed from him upon the imperfect showing made by the abstract as to a part of the land, that appellee had not earned his commission and for that reason the verdict cannot be sustained.

We do not understand the authorities to sustain appellant in this claim. Unless there is some provision in the agreement or contract of employment to the contrary, a broker is entitled to his commission when he furnishes to the seller a man who is ready, able and willing to buy the property at the terms named by the seller. It would be a harsh rule that would require the agent, who is not at fault, to lose his commission solely because the seller, after the agent has procured a purchaser upon the seller's terms, enters into a contract with such purchaser that he, the seller, cannot fulfill or carry out. The title to property, whether good or bad, is a matter which the seller should take into account before he executes his written agreement to convey by warranty deed. He

has no one to blame but himself if he covenants to sell that which he does not own.

"When the agreement of the real estate broker is to make a sale, his commission is earned when a contract is entered into, which is mutually obligatory upon the vendor and vendee, even though the vendee afterwards refuses to execute his part of the contract of sale or purchase." Wilson v. Mason, 158 Ill. 304-311. "If the vendor accepts the purchaser and enters into a valid contract with him the broker's commission is earned even though the purchaser decline to complete the sale." Jenkins v. Hollingsworth et al., 83 Ill. App. 139.

Appellant next contends that when it was discovered that the title to a part of the land was imperfect and Duvall refused to comply with the terms of the contract, he, at the request of the appellee, returned the money which had been paid by Duvall and that thereby appellee acquiesced in the annulling of the sale to Duvall and cannot, therefore, recover against appellant. Appellee expressly denies having anything to do with the returning of the money and the evidence on the whole would seem to support him in that claim. This contention, however, and the one made as to the exact terms of the contract between appellant and appellee, as to when the commission should be regarded as earned, were clearly and purely questions of fact to be determined by the jury from all the evidence. They have found for appellee upon each of those propositions and their findings seem to have been fully warranted by the evidence.

From a consideration of the whole evidence and the character of the claims made by appellant in defense, we do not think the giving of appellee's modified instruction complained of was so prejudicial as to warrant a reversal.

Appellant's contention that the trial court committed error in refusing his fifth, sixth, seventh,

eighth and ninth instructions, cannot avail on this hearing; such fifth instruction was faulty in requiring appellee to prove his case by a clear preponderance of the evidence, while the sixth, seventh, eighth and ninth instructions made the jury the judges of the law in determining what was a valid, binding and legal contract. The other objections made to the action of the court in refusing instructions are not of sufficient merit to warrant the extending of this opinion.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*