[No. 5161.]
[No. 2761 C. A.]

## WAGNER V. NORRIS.

1. **Pleading—Brokers—Commission—Purchaser Able to Buy.**

   In an action by a broker for alleged commission for the sale of real property, a complaint is fatally defective which fails to state that plaintiff procured and produced to his principal a purchaser ready, able and willing to purchase the property upon the terms and conditions agreed upon between the broker and his principal, and further fails to allege any reason for making such allegations unnecessary.—P. 108.

2. **Brokers—Commission—Purchaser Able to Buy—Evidence.**

   Where, in an action by a broker for alleged commission for the sale of real estate, he fails to prove that he produced a customer ready, able, and willing to consummate the purchase of the property upon the terms given him by the owner, he is not entitled to recover.—P. 109.

*Appeal from the District Court of Arapahoe County.*
*Hon. P. L. Palmer, Judge.*

Action by John C. Norris against Henry Wagner. From a judgment for plaintiff, defendant appeals. *Affirmed in part, and reversed in part.*

Mr. GEORGE C. NORRIS and Mr. EMERSON J. SHORT, for appellant.

Messrs. McGINTIE & ANDREWS, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action by a real estate agent to recover commissions. Plaintiff had verdict and judgment. Defendant appeals.

The complaint stated two causes of action. The first cause to the effect, that defendant, as the owner of certain lots in the city of Denver, employed plaintiff to procure a purchaser for the same at the price of $10,200, agreeing to pay plaintiff, if he should procure a purchaser for the property at the stipulated price, the regular real estate commissions; that plaintiff procured a purchaser who was ready, able and willing to pay the stipulated price in cash, but that defendant refused to complete the sale, for which reason the sale was not consummated. The answer admitted that defendant was the owner of the property; that he placed the same in the hands of the plaintiff for sale; denied that the price of the property was to be $10,200, and alleged that the price placed upon the property by him was $30,000, upon which price he agreed to pay the regular real estate commissions; admits that plaintiff informed him that he had a purchaser for the property at $10,200, but that he refused to entertain such proposition, at all times informing plaintiff that he would not accept less than $30,000 for the property.

Upon final analysis, the only issue presented by the pleadings was the price placed upon the property by defendant. The testimony of plaintiff and defendant upon this issue is in direct conflict. There is evidence in the record to the effect that a fair valuation of the property was $10,000, and that the defendant had placed the property on sale with another agent at that price.

The jury, under instructions which are not challenged, resolved the issue thus presented in favor of the plaintiff. We are bound by the verdict. The judgment on the first cause of action will be affirmed.

The second cause of action alleged that plaintiff was a real estate broker, and as such was employed by defendant by virtue of the following contract in writing:

"Denver, Colo., June 1st, 1901.

"This is to certify that J. C. Norris has full authority to sell my home on Downing Ave. & 16th St., known as 1609 Downing Ave., on or before June 13th, 1901, at auction, to the highest bidder for cash as stated in advertisement, and I agree to pay said J. C. Norris a regular commission on highest bid; other agents having a customer who may purchase the house, J. C. Norris is to divide the commission with them; owner has the right to sell any time before the 13th of June by paying J. C. Norris a regular real estate commission.

"HENRY WAGNER, M. D."

The advertisement referred to in the foregoing contract, *inter alia,* stated the terms of sale thus: "$1,000 cash to bind the sale; $10,000 can remain."

Assuming, as contended by appellee, that the above contract employed him as a real estate broker, the complaint is fatally defective in that it does not allege that plaintiff procured and produced to his principal a purchaser ready, able and willing to pur-

chase the property upon the terms and conditions set forth in the advertisement, which was a part of the contract, and which was set forth in the complaint. Nor is there any allegation in the complaint which would render it unnecessary for the plaintiff to plead as above.—*Colburn v. Seymour*, 32 Colo. 430; *Fox v. Denargo L. & C. Co.*, 37 Colo. 203.

After a jury had been impaneled and before the introduction of any evidence, counsel for the defendant objected to the introduction of any evidence in support of the second cause of action for the reason, as stated, that the facts alleged in the second cause of action were not sufficient to constitute a cause of action against the defendant. The objection was overruled.

Furthermore, there was no attempt upon the part of plaintiff to prove that he had produced a customer ready, able and willing to consummate the purchase of the property upon the terms proposed.

At the close of the evidence defendant moved an instructed verdict as to the second cause of action. This was refused. It should have been granted.

The foregoing errors will necessitate a reversal of the judgment on the second cause of action.

Inasmuch as the judgment rendered by the court below was for the amounts claimed under both causes of action, which amounts are separable, it is ordered that the judgment upon the first cause of action be affirmed; judgment on the second cause of action be reversed, and the cause remanded to the court below with instructions to proceed therein as herein indicated, plaintiff to have the right to amend if he so elect; each party to pay the costs incurred by him on this appeal.

*Affirmed in part and reversed in part.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.