Frank B. Easter, Defendant in Error, v. George C. Newbury, Plaintiff in Error.

Gen. No. 16,576.

1. BROKERS AND FACTORS—*when real estate commissions may be recovered.* A real estate broker is entitled to his commissions when the purchaser and seller enter into a valid and enforceable contract and this right of the broker is not affected if one or both of the parties subsequently refuse to carry out the contract.

2. ASSUMPSIT—*when third party may sue upon contract.* Where one enters into a simple contract with another for the benefit of a third person, such third person may maintain an action directly on the contract.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912.

H. F. DICKINSON, for plaintiff in error.

HARVEY STRICKLER, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

On October 25, 1909, after some negotiations conducted through the agency of defendant in error, who is a licensed real estate broker doing business under the name of F. B. Easter & Co., a written contract was entered into between plaintiff in error and one Anna Wakerli, by which plaintiff in error agreed to

purchase of her certain real estate in Chicago at an agreed price of $8000 to be paid as follows: $1500 in cash, $5500 by the assumption of an existing mortgage upon the property, and the remainder, $1000, by conveying to her two lots in Chicago. The contract was in the usual form of a contract for the exchange of real estate and by one clause thereof, it was mutually agreed "that brokerage fees or commissions shall be paid to F. B. Easter & Co. Party of first part" (Wakerli) "agrees to pay 2½% commission, and party of the second part" (Newbury) "agrees to pay one hundred dollars commission, by the respective parties hereto as heretofore agreed by them." The contract provided that "deeds shall be passed  *  *  *  within five days after the titles have been found good;" that each should furnish the other, within a reasonable time, a registered title certificate, a title guarantee policy, or an abstract of title; that if the latter be furnished, the party receiving the same should within ten days specify in writing his objections to the title, if any, or if none, that the title is satisfactory; that if objecions be reported and not cured within sixty days, the party objecting might elect to take the title or to abandon the contract, in which event it should become null and void and cease to have any force or effect as against the premises described.

A month or six weeks later, Easter asked Newbury to pay the agreed commission of $100. Newbury said "he could not fulfill the deal; that his wife was not willing to join in the transaction," and refused to pay. Easter thereupon brought suit in the Municipal Court and on a trial before the court introduced evidence of the foregoing facts. Newbury offered no evidence. Easter recovered judgment for $100 and Newbury sued out this writ of error.

Plaintiff in error claims that the clause of the contract relating to commissions should be construed as having binding force only "upon the closing of the

deal," and urges that if such be the correct construction, then it was incumbent upon Easter to prove that all the terms and conditions of the contract between the plaintiff in error and Anna Wakerli had been fully performed.

We cannot agree to this contention or to this construction of the clause in question. The clause is merely an admission or acknowledgment that the commissions named therein have been earned. It is well settled that a real estate broker is entitled to his commissions when the purchaser and seller enter into a valid and enforceable contract; and this right of the broker is not affected if one or both of the parties subsequently refuse to carry out the contract. Jenkins v. Hollingsworth, 83 Ill. App. 139; Russell v. Hurd, 113 Ill. App. 63; Dennis v. Walters, 123 Ill. App. 93; Tackett v. Powley, 130 Ill. App. 97.

It is also well settled that where one enters into a simple contract with another for the benefit of a third person, such third person may maintain an action directly on the contract. Eddy v. Roberts, 17 Ill. 504; Webster v. Fleming, 178 Ill. 140.

There is no language in the contract in question which makes the broker's commissions in anywise dependent upon any further action by either of the parties to the contract. The words "as heretofore agreed by them" following the positive agreement that "brokerage fees or commissions shall be paid to F. B. Easter & Co." with the amounts stated, clearly mean that the amounts stated are the amounts which the parties respectively have "heretofore agreed" to pay as commissions. In other words, the clause in question states what commissions Easter should be paid by each party. To give to this clause the construction contended for by counsel for plaintiff in error would do violence to the ordinary, simple and well understood meaning of the words themselves. If there was any different prior agreement (as is suggested by counsel)

plaintiff in error could have shown that fact in defense, or in support of his theory of the contract. None was produced or shown by him, however, and this fact gives rise to the presumption at least that no other contract was in existence.

The judgment will be affirmed.

*Judgment affirmed.*