The defendant insists that a certain prior action, *State* v. *Milton Tp. Rural Sch. Dist.* (Bd. of Ed.), not reported, is *res adjudicata* as to the matters in issue in this case.

In the opinion of this court, Joseph Johann not having been a party to that action, and the same having been disposed of on appeal in this court other than on its merits, and by adjustment between the parties, the same is no bar to the present action.

It follows from what has been stated as to the power of the county board of education that the petition of the plaintiff must be dismissed at his costs.

CHITTENDEN and KINKADE, JJ., concur.

---

## PRINCIPAL AND AGENT

[Hamilton (1st) Court of Appeals, February 8, 1916.]

Spence, Pollock and Metcalfe, JJ., seventh district sitting by designation.

CONRAD LAUDT AND WILLIAM LAUDT v. ELIZA FURER, ETC.

1. **Burden on Real Estate Broker Claiming Commission to Show Willingness and Ability of Purchaser to Perform.**
   Recovery of a commission for sale of real estate can not be based on the fact alone that the proposed purchaser signed the con-

tract of purchase, but it must also be made to appear that he was able and willing to complete the purchase and make the payments stipulated in the contract.

**2. Concealment of Inability of Proposed Purchaser to Pay for Property Bars Recovery of Commission.**

The claim for a commission is unenforcible when plaintiff concealed from the owner of the property the fact that the proposed purchaser would not be able to take the property until he had sold certain other property the title to which was so clouded as to render a sale extremely improbable.

*E. A. Hafner* and *W. C. Muhlhauser,* for plaintiffs in error.
*Spangenberg & Spangenberg,* for defendant in error.

**SPENCE, J.**

The plaintiffs begun this action in the court of common pleas against Edward Furer and Eliza Furer to recover commissions for the sale of real estate, which they claim to be due under a contract of which the following is a copy:

"This agreement made June 9, 1911, Witnesseth: That Edward Furer in the county of Hamilton and state of Ohio, has this day placed with the Laudt Realty Co., the following described property, of which I am the owner in fee, situated in the city of Cincinnati, county of Hamilton and state of Ohio, to-wit: All that certain 4157 Apple street, lot 22 x 100—5-room brick; bath, toilet and reception hall and attic. Terms—Cash $3,200. Price, thirty-two hundred. Mortgage now on property. * * * The said Laudt Realty Co. shall have the agency on sale for the above mentioned realty for five months from date hereof, and thereafter, until I revoke the same by giving them ten days' notice in writing, and I hereby authorize them to sell and contract in writing with purchaser for the sale of said property according to the price and terms above written, or any price or terms which I may agree to accept other than above stated, and if the said property be sold or exchanged during the period above mentioned, no matter by whom, or after above period on information obtained through their agency, I agree to pay them a commission of two per cent. of the gross amount of such sale or exchange. I hereby waive the benefit of all laws exempting real or personal property from levy and sale, or any laws intended for advantage or protection by homestead exemption law granted by the statute of Ohio.

"Owner sign here.     ED. FURER.

"MRS. ELIZA FURER."

"Accepted by CONRAD LAUDT, *Manager.*"

Then the petition contains an averment that on or about September 7, 1911, the premises mentioned in the above agreement were sold to Mrs. Carrie Feldmann, by an agreement in writing; then follows a copy of an offer from Carrie Feldmann to purchase the property for $3,200 cash, which offer was accepted in writing by Ed. Furer and Eliza Furer.

The petition avers, further, that the plaintiffs have done all things which were upon their part to be performed under the agreement and ask for a recovery of the commission.

The second amended answer contains, first, a general denial of the allegations of the petition except what is hereinafter specifically admitted. The answer then admits the making of the contract dated June 9, 1911, with plaintiffs and the signing of the paper writing dated September 7, 1911, purporting to be a contract of sale to Carrie Feldmann, but avers that their signatures were obtained to the latter contract by the false and fraudulent representations of plaintiffs that Carrie Feldmann was ready and able to purchase said premises on the terms named in her contract, the plaintiffs well knowing that she was not ready and able to purchase same and has not been able to purchase the property, up to the time of filing this answer, though defendants have been ready and willing to convey the same and are still ready to convey on said terms.

Defendants further aver in their answer that, at the time of entering into the contract with Carrie Feldmann, it was represented to them that the sale should be held in abeyance until Carrie Feldmann's property was disposed of and that her property has never been disposed of and that plaintiffs had charge of the sale of the Feldmann property and they knew that they would have to complete that sale before she could purchase the Furer property.

Plaintiffs filed a reply to the first amended answer, which is in effect a denial.

We do not intend to follow this case through its most devious and peculiar course, but only to refer to some of the more important features of the case.

The petition in error in this case sets forth sixteen grounds of error for which plaintiffs in error ask to have the case re-

versed; if these grounds of error were set up by the other side, in this case the court would have but little trouble in sustaining most of them.

The petition does not contain the usual and ordinary averment and, as many courts hold, necessary averment that the plaintiffs furnished a purchaser able to purchase the property, but it contains the meager averment that the plaintiffs "have done all things which were upon their part to be performed under said agreements, or either of them." Then the petition contains an allegation of the evidence of performance in the nature of a proposition to purchase from Carrie Feldmann and an acceptance by Ed. Furer and Eliza Furer, but it does not contain an averment that she was able to purchase for cash as provided by the contract, and it does not contain an averment that the sale was ever completed by the transfer of the property or payment of the purchase money, or that the sale was prevented by any act of the defendants. The plaintiffs seem to assume that all that was necessary for them to do was to procure the offer and acceptance between Carrie Feldmann and the defendants.

In the case of *Wilson* v. *Mason*, 158 Ill., 304-311 [42 N. E. 134; 49 Am. St. 162], the court say:

"An agreement by a real estate broker to procure a purchaser, not only implies that the purchaser shall be one able to comply, but that the seller and purchaser must be bound to each other in a valid contract."

The above was quoted, with approval, by Judge Price, in his opinion in the case of *Pfranz* v. *Humburg*, 82 Ohio St., 1-11 [91 N. E. 863; 29 L. R. A. (N. S.) 533].

In *Blackledge & Blackledge* v. *Davis*, 129 Iowa, 591 [105 N. W. 1000], third syllabus:

"A real estate broker employed to procure a purchaser of land for a fixed price or any other price below that consented to by the owner, has the burden of proving that he produced a person with whom the owner reached an agreement of sale or exchange, and that such person was able and willing to carry out such agreement, in order to recover the commission provided for."

Weaver, J., in his opinion says:

Laudt v. Furer.

"The burden was upon the plaintiffs, according to their own theory, to show affirmatively that they did in fact produce a person with whom defendant reached an agreement of sale or exchange in which the minds of the parties had met as to the property, which was the subject of such sale or exchange and the terms and price on which the same was to be consummated, and that the customer was ready, able and willing then and there to carry out such agreement."

It is said in the case of *Fox* v. *Ryan*, 240 Ill., 391 [88 N. E., 974], sixth syllabus:

"An action for brokers' commissions where the contract is not performed by a transfer of the property, the broker has the burden of proving the readiness and ability of the proposed purchaser to take the property on the terms proposed."

Farmer, C. J., says:

"An agreement by a real estate broker to procure a purchaser not only implies that the purchaser shall be one able to comply, but that the seller and the purchaser must be bound to each other in a valid contract."

In *Colburn* v. *Seymour*, 32 Colo., 430 [76 Pac., 1058; 2 Ann. Cas. 182], the court say:

"The financial responsibility of the alleged purchaser was, or ought to have been known to the plaintiff; upon such responsibility rested the ability of the purchaser to make the purchase. Through him (defendant) expected to effect the sale, and necessarily the burden rested upon the plaintiff to prove that the financial ability of the proposed purchaser was such that he was able to make the purchase. * * * While it is true there seems to be some conflict of authority on the question of whether or not it is necessary for the broker to prove the financial ability of the purchaser in these cases where the owner refuses to carry out the contract of sale, we are of opinion that the great weight of authority and the well considered cases on the subject require that he make such proof, because he must show, before he is entitled to recover his commissions, that he performed those acts which, according to the contract of his employment it was necessary for him to perform in order to become entitled to the compensation agreed upon."

If the above cases correctly state the law, then there was a complete failure of proof, by the plaintiffs, in the court below,

as they offered no evidence as to the financial ability of Carrie Feldmann, or as to her ability to pay cash for the property, as provided by the contract.

The common pleas court tried this case on the mistaken theory that all the plaintiffs had to show was that they had procured a contract of sale of the property, which contract was signed by the defendants, and attempted to exclude all the evidence of the ability of the proposed purchaser to take the property and to pay cash for it. The court seems to have completely overlooked the fact that plaintiffs sued on a written contract and that the burden of proof was upon the plaintiffs to show that they had performed their part of the contract before they could recover; this they did not do, as they did not show that they had furnished a purchaser with ability to take the property on the terms provided in the contract.

Assuming that the law is, as contended by counsel for plaintiffs in error, that all that was necessary for the plaintiffs below to show in order to recover was that they brought the parties together and the defendants signed a contract of sale. The evidence which was allowed to get by the court, at the trial, we think shows clearly that the plaintiffs knew, when the defendants signed the contract of sale, that the proposed purchaser, Carrie Feldmann, could not buy the property unless she sold her property, and they knew that there was a defective title to her property and that it could not be sold without a proceeding in court, and the plaintiffs testify that they did not reveal these facts to the defendants before they signed the contract. If they were acting as the agents of the defendants and withheld this information from their principals and induced them to sign the contract, it was a breach of trust, if not fraud, and alone should prevent the plaintiffs from recovering in this case.

We have examined all the assignments of error in this case and do not find any errors prejudicial to the plaintiffs in error.

The judgment of the court of common pleas will be affirmed.

POLLOCK, J., concurs.

METCALFE, J., not sitting.