# SUPREME COURT

### OF THE

# STATE OF COLORADO

## AT JANUARY TERM, A. D. 1922.

---

### No. 9977.

### CRAMPTON *v.* IRWIN.

Decided January 9, 1922.

Action by real estate broker for commission. Judgment for plaintiff.

### *Reversed.*

1. BROKERS—*Real Estate—Commission.* When a sale does not actually take place, the broker cannot recover commissions unless he shows that he procured and produced to his principal a person ready, willing and able to purchase the property upon the

terms and conditions under which he was authorized to nego-
tiate the sale.

The ability of the prospective purchaser to purchase is an
essential element to be pleaded and established.

*Error to the District Court of Phillips County, Hon. L. C.
Stephenson, Judge.*

Mr. CLAUDE D. WALROD, Messrs. ALLEN & WEBSTER, for
plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover a real estate broker's com-
mission. The cause was tried to the court without a jury.
Judgment was for plaintiff, and defendant brings error.

The plaintiff in error, defendant below, asserts in his
brief as follows:

"The complaint nowhere alleges that the prospective
purchaser was ready, able and willing to purchase, and the
testimony introduced entirely omits all proof on the ques-
tion of the ability of the prospective purchaser to pur-
chase."

We have read the abstract, and it sustains the foregoing
proposition. The instant case is controlled by the rule
stated in *Colburn v. Seymour,* 32 Colo. 430, 76 Pac. 1058,
2 Ann. Cas. 182, as follows:

"* * * When a sale does not actually take place,
* * * he (the broker) cannot recover commissions un-
less he shows that he procured and produced to his prin-
cipal a person ready, willing and able to purchase the prop-
erty upon the terms and conditions under which he was
authorized to negotiate a sale."

The foregoing rule was applied in *Fox v. Denargo Land
Co.,* 37 Colo. 203, 86 Pac. 344, where recovery was denied
because the proof failed "to establish the financial ability"
of the prospective purchaser to comply with the terms of
the proposed contract.

There are no allegations in the complaint, nor is there any showing in the evidence, rendering unnecessary the proof of the financial ability of the prospective purchaser. The rule above stated therefore controls.  See also *Wagner v. Norris,* 39 Colo. 106, 88 Pac. 973; 9 C. J. 595.

The judgment is reversed, and the cause remanded with directions to dismiss the action.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.